Amber B. Derham
CA Bar No.: 255853
**Gutierrez Derham Law Firm LLP**
6077 Coffee Road, Suite 4
Bakersfield, CA 93308
Telephone:     (323) 676-6676
Email: abd@gutierrezderham.com

ATTORNEYS FOR MS. NISHI DAYAL

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NISHI DAYAL** | **Case No.:** |
| PLAINTIFF, | **COMPLAINT FOR** |
| vs. | **FEDERAL CLAIMS** |
| **COUNTY OF KERN**, KERN COUNTY DISTRICT ATTORNEY'S OFFICE ("KERN COUNTY DA") **CYNTHIA ZIMMER,** *In Her Official and Individual Capacity***; ANDREA KOHLER,** *In Her Individual Capacity***; GINA PEARL,** *In Her Individual Capacity***; KENNETH RUSSELL,** *In His Individual Capacity***; and DOES 1 THROUGH 10, INCLUSIVE,** | 1. **Disability Discrimination Americans With Disabilities Act of 1990 42 U.S.C. §12111, et seq** <br> 2. **Disability Retaliation Americans With Disabilities Act of 1990 42 U.S.C. §12203, et seq** <br> 3. **Religious Discrimination and Harassment In Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq** <br> 4. **Religious Retaliation and Harassment In Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq** |
| DEFENDANTS. | **STATE CLAIMS** <br> 5. **Disparate Treatment Discrimination on Basis of Disability In Violation of California FEHA** <br> 6. **Disability Retaliation in Violation of California FEHA** <br> 7. **Failure to Provide Reasonable Accommodation in Violation of FEHA** <br> 8. **Failure to Engage in a Timely Good Faith Interactive Process In Violation of California FEHA** <br> 9. **Labor Code 1102.5 Retaliation** |

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

10. **Disparate Treatment Discrimination on Basis of Religious Creed In Violation of California FEHA**
11. **Religious Retaliation in Violation of California FEHA**
12. **Hostile Work Environment In Violation of California FEHA**
13. **Intentional Infliction of Emotional Distress**

**JURY TRIAL DEMANDED**

Plaintiff NISHI DAYAL ("Plaintiff" or "Ms. Dayal") sues Defendants, COUNTY OF KERN ("COUNTY"), KERN COUNTY DISTRICT ATTORNEY'S OFFICE ("KERN COUNTY DA"), CYNTHIA ZIMMER in her official and individual capacity, ANDREA KOHLER in her individual capacity, GINA PEARL in her individual capacity, KENNETH RUSSELL in his individual capacity, and Does 1 through 10, inclusive, for general, compensatory, and punitive damages, injunctive relief, and costs and attorneys fees resulting from Defendants unlawful conduct, and alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiff seeks damages to redress the injuries she suffered as a result of being discriminated against and harassed by her employer on the basis of her disability and religious, along with retaliation. Plaintiff alleges violations of her rights secured by the United States Constitution, Americans with Disabilities Act of 1990 ("ADA") as amended, pursuant to 42 U.S.C. §12111, §12203, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e et. seq. ("Title VII"), and the laws and Constitution of the State of California.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with her federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

GUTIERREZ DERHAM LAW FIRM LLP

**VENUE**

3.      Venue is proper in the Eastern District, pursuant to 28 U.S.C. §1391(b)(1)-(2), because the Defendants reside in this State and judicial district and the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

4.      Plaintiff, NISHI DAYAL ("Plaintiff" or "Ms. Dayal") is, and at all times relevant, a citizen of the United States of America and residing in Kern County, California. Ms. Dayal was, at all relevant times, employed by the Kern County District Attorney's Office, working within the County of Kern, California, as a Deputy District Attorney.

5.      At all times material to this complaint, Defendant KERN COUNTY and KERN COUNTY DA were the public employer, subject to suit under Title I of the Americans for Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act, Government Code § 12940 et seq. (FEHA).

6.      DEFENDANT CYNTHIA ZIMMER, sued herein *In Her Official and Individual Capacity* is an individual residing in the County of Kern, California.  At all relevant times CYNTHIA ZIMMER, was the elected District Attorney of Kern County District Attorney's Office.

7.      DEFENDANT ANDREA KOHLER, sued herein *In Her Individual Capacity* is an individual residing in the County of Kern, California and is an Assistant District Attorney of Kern County District Attorney's Office.

8.      DEFENDANT GINA PEARL, sued herein *In Her Individual Capacity* is an individual residing in the County of Kern, California and is a Senior Deputy District Attorney of Kern County District Attorney's Office.

9.      DEFENDANT KENNETH RUSSELL, sued herein *In His Individual Capacity* is an individual residing in the County of Kern, California and is Senior Deputy District Attorney of Kern County District Attorney's Office.

10.      Ms. Dayal is informed, believes, and based thereon, alleges that Defendant County of Kern ("COUNTY") is a governmental entity in the State of California, with a principal place of business at 1115 Truxtun Avenue, Fifth Floor, Bakersfield, CA 93301.

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

11.     Ms. Dayal is informed, believes, and based thereon, alleges that Defendant Kern County District Attorney's Office (hereinafter, "KERN COUNTY DA" and COUNTY collectively "KERN COUNTY DA") is a governmental entity in the State of California, with a principal place of business at 1115 Truxton Avenue, First floor, Bakersfield, CA 93301 .

12.     At all relevant times, Kern County operated and operates the Kern County District Attorney's Office ("KERN COUNTY DA") under its authority.

13.     At all relevant times, Kern County was responsible for supervising, enacting, and/or enforcing the KCDA's conduct, policies, and practices as well as addressing the absence of needed policies, practices, and/or training.

14.     At all relevant times, Kern County was also responsible the hiring, retention, supervision, and training of employees and agents of Kern County, the KERN COUNTY DA, and possibly other relevant agencies. Specifically, at all relevant times, KERN COUNTY was the employer of Defendants DOES 1-10.

15.     At all times material herein, Defendants DOES 1-10 in doing the acts or omissions hereinafter described, acted under color of state law and within the course and scope of their employment with KERN COUNTY DA, by virtue of their employment with the KERN COUNTY and KERN COUNTY DA. The DOE Defendants are sued in their individual capacities, including, where applicable, in their capacity as supervisors based on supervisory liability.

16.     The Defendants named above, including DOES 1-10, are sued in their individual capacities, including, where applicable, in their supervisory capacities as supervisors.

17.     The true names, identities and/or capacities of the individuals sued herein as DOES 1 through 10, inclusive, are currently unknown to Ms. Dayal, who, therefore, sues said Defendants by such fictitious names. When the true names, identities, and/or capacities of these Defendants are known Ms. Dayal will seek leave of Court to amend this Complaint.

18.     Ms. Dayal is informed, believes, and alleges that, that Defendants, and each of them, were the employees, agents, servants, supervisors, managers, officers, and/or directors of each and every other Defendant, and in doing the things alleged herein, were acting within the course, scope and authority of such agency, supervision and/or employment.

GUTIERREZ DERHAM LAW FIRM LLP

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

19.    Ms. Dayal is further informed, believes, and based thereon, alleges that, the acts, omissions, and things complained herein were done by the agents, servants, employees, supervisors, manages, officers, and/or directors of Defendants, and each of them, and were authorized, directed, approved and ratified by Defendants.

20.    All of the described conduct, acts, and failures to act are attributed to agents and managing agents of DEFENDANT KERN COUNTY DA. Said acts, conduct and failures to act were within the scope of such agency and employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment and agency. Further, at all relevant times each Defendant was acting in agreement, and with the endorsement, ratification and consent of each of the other Defendants.

21.    DEFENDANT COUNTY and its managing agents, in both their individual and official capacities, ratified, adopted and/or authorized each of the Defendants and managing agents' illegal conduct. DEFENDANT COUNTY and its managing agents, in both their individual and official capacities, knew, or should have known, that Defendant and managing agents were engaging in illegal conduct and had been warned, informed, and given prior notice of the illegal conduct.

22.    It is well established that when an employer ratifies the tortious conduct of an employee, he or she becomes "liable for the employee's wrongful conduct as a joint participant.*" Fretland v. County of Humbolt* (1999) 69 Cal. App. 4th 1478, 1489-1490. An Employer who fails to discipline an employee after being informed of that employee's improper conduct can be deemed to have ratified that conduct. *Hart v. National Mortgage & Land Co.* (1987( 189 Cal. App. 3d 1420, 1430; *Iverson v. Atlas Pacific Engineering* (1983) 143 Cal. App. 3d 219, 228. According to the court in Iverson, supra, if an employer is informed that an employee has committed an intentional tort and nevertheless declines to "censure, criticize, suspend or discharge" that employee, a claim can be made for ratification. Id.

23.    "Ratification is the voluntary election by a person to adopt in some manner as his own, an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him. A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principle from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

'inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it.' *Fretland*, supra 69 Cal. App. 4th 1

24. At all relevant times alleged herein, DEFENDANT KERN COUNTY DA, and its managing agents, in both their individual and official capacities, had actual and constructive knowledge of Defendant's and managing agents' illegal conduct and has endorsed, ratified, and encouraged Defendants'illegal behavior. DEFENDANT KERN COUNTY DA, and its managing agent, in both their individual and official capacities, failed to take any corrective action to protect employees and the public from Defendants' illegal behavior.

25. At all times pertinent hereto, California Civil Code section 3294(a) provided that as to defendants who have been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover exemplary damages for the sake of example and by way of punishing said defendants.

26. At all times pertinent hereto, California Civil Code section 3294(a) provided that an employer shall be liable for damages pursuant to subdivision (a) if the employer authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice.

27. At all times relevant to this action, the Defendants COUNTY and KERN COUNTY DA, and each of them were an employer, joint-employer, or integrated enterprise within the meaning of the Americans with Disabilities Act of 1990 ("ADA") as amended, pursuant to 42 U.S.C. §12111, §12203, and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e et. seq. ("Title VII").

28. At all times relevant to this action, the Defendants COUNTY and KERN COUNTY DA, and each of them were an employer, joint-employer, or integrated enterprise that regularly employed five or more persons within the meaning of the California Fair Employment and Housing Act ("FEHA") at California Government Code section 12926(d).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Ms. Dayal filed an Administrative Government "Tort Claim" with the clerk of the Kern County Board of Supervisors on May 24, 2023 and amended on June 16, 2023. On July 11, 2023, Defendant County rejected Ms. Dayal's Tort Claim.

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

30.    On September 11, 2023, Ms. Dayal filed a Complaint with the Civil Rights Department of the State of California under the California Fair Employment and Housing Act, Gov. Code 12900 et seq, and received a right to sue letter on September 11, 2023.

31.    On May 30, 2023, Ms. Dayal has filed a charge with the Equal Enployment Opportunity Commission. On December 6, 2023, Ms. Dayal received a right to sue letter from the U.S. Department of Justice Civil Rights Division on December 6, 2023.

32.    Ms. Dayal has exhausted all of her administrative remedies.

## STATEMENT OF FACTS

33.    Ms. Dayal was employed as a Deputy District Attorney by KERN COUNTY DA from January 6, 2020 until December 9, 2022.

34.    At all relevant times, Ms. Dayal is considered disabled under the ADA as she suffers from physical impairments that substantially limits major life activities as a result of fibromyalgia which causes her chronic conditions including extreme back pain which limits her mobility, pain with prolonged sitting related to driving long distances, and difficulty getting up in the morning. Ms. Dayal's disability requires work/activity restrictions whereas she is unable to wear constructive leg wear such as stockings or footwear such as heels that cause flare ups in her medical conditions.

35.    At all relevant times, Ms. Dayal is considered disabled under the FEHA as she suffers from physical disability and medical condition of fibromyalgia that affects the musculoskeletal system and limits her ability to participate in major life activities major life activities and as a result which causes her chronic conditions including extreme back pain which limits her mobility, pain with prolonged sitting related to driving long distances, and difficulty getting up in the morning. Ms. Dayal's disability requires work/activity restrictions whereas she is unable to wear constructive leg wear such as stockings or footwear such as heels that cause flare ups in her medical conditions.

36.    On January 6, 2020, Ms. Dayal began employment with the KERN COUNTY DA. Ms. Dayal was assigned to the misdemeanor unit. Ms. Dayal worked her way up through the ranks transferring to the Preliminary Hearing Unit in October 2020, and then the General Felony Gang Unit in November 30, 2020.

GUTIERREZ DERHAM LAW FIRM LLP

GUTIERREZ DERHAM LAW FIRM LLP

37.      Mid-August 2021, Ms. Dayal was moved to the Domestic/Family Violence Unit under the supervision of Defendant Russell until March 2022, and ultimately moved out of that assignment in July 2022.

38.      In June 2020, Ms. Dayal's right to free speech, and right to employment free from discrimination and retaliation was violated in when she was informally disciplined about her *private* personal social media stories on a *private* account made *off-duty* addressing race issues, personal opinions, education, and specifically about discrimination against non-white women, and police brutality. The stories did not identify Ms. Dayal's position as a DDA or in her capacity as a DDA. Ms. Dayal was pulled into a meeting with DEFENDANT ZIMMER, DEFENDANT KOHLER, and ADA F. Nagle. Ms. Dayal was confronted about her Instagram story posts. She was questioned about her ability to do her job, whether she could still support the police, and questioned as to whether she trusted the KERN COUNTY DA office to decide when police overstep in certain situations. The stories presented points of view in contrast from DEFENDANT ZIMMER and DEFENDANT KOHLER found acceptable as Ms. Dayal was told that her posts were inappropriate and told that "white women are a protected class too". However, KERN COUNTY DA invited other employees fundraising for "blue lives matter" including allowing employees to sell "blue lives matter" flags and such at work. It was at this moment that Ms. Dayal became a target for Defendants.

39.      On June 4, 2021, Ms. Dayal provided disability notes from her doctor to SDDA Nicholas Lackie to give to management and to place in her personnel file. The note specified that due to Ms. Dayal's medical condition she needed to wear specific footwear, and could not wear pantihose or stockings. Ms. Dayal had a conversation with ADA Kinzel and to comply with her medical accommodation, it was determined that she could wear tennis shoes in the office and flats to court, and she did not have to wear pantihose or stockings.

40.      In November 2021, Ms. Dayal appeared for work with Mehndi on her palms. Ms. Dayal is Hindu, and received the Mehndi in religious observance at a family wedding which takes days or weeks to wear off. DEFENDANT RUSSELL immediately objected to Ms. Dayal's Mehndi. Ms. Dayal opposed this instruction and change to working conditions. Ms. Dayal explained to Defendant Russell that the Mehndi was received in religious observance, and has an important significance to her religion

8

and culture, and that it was necessary when a close family member gets married. Defendant Russell told Ms. Dayal that she should not go to Court with the Mehndi on her palms and could not go to jury trial either, requiring her to trail or postpone her trials until "her hands were clean". DEFENDANT RUSSELL tried to intimidate and embarrass Ms. Dayal, telling her that if she could not postpone or trail a trial that she would have to explain to a jury why she had Mehndi on her palms. Defendant Russell instructing Ms. Dayal not to proceed with her cases in trial and court prevented her from completing her job duties in her role as a Deputy District Attorney. KERN COUNTY DA did however allow other employees to showcase their Christian religious observances by wearing cross necklaces, promoting Christian led fundraisers through company email, etc. without discipline or censorship.

41. In March 2022, DEFENDANT RUSSELL, told Dayal that she needed to improve her dress code because her authorized footwear was unprofessional. DEFENDANT RUSSELL knew about Ms. Dayal's disability and accommodation of wearing sneakers in the office at this time, but repeatedly scrutinized her for her footwear. DEFENDANT RUSSELL documented his discriminatory remarks concerning her disability accommodations in Ms. Dayal's March 2022 Employee Performance Review.

42. At the end of March 2022 or early April 2022, DEFENDANT KOHLER confronted Ms. Dayal about a meeting to discuss her disability footwear and dress code accommodations as she wanted it revised. Ms. Dayal attended the meeting with a union attorney, Melissa Thom. The meeting was also attended by DEFENDANT KOHLER, COUNTY counsel Bryan Alba, and Kelci Millivotisch. Ms. Dayal objected to changing the accommodation because the requested changes were contrary to her doctor's note. After the meeting, new accommodation guidelines were established giving DEFENDANT KOHLER the ability to approve Ms. Dayal's footwear and clothing as Kohler did not typically approve of Ms. Dayal's shoes and clothing as she deemed them not aesthetically pleasing. Ms. Dayal was told she was not allowed to wear skirts despite the hot Kern County summer temperatures because she could not wear pantyhose, and Ms. Dayal was only permitted to wear dresses subject to DEFENDANT KOHLER's approval. DEFENDANT KOHLER made it a point to tell Ms. Dayal that allowing Ms. Dayal to appear in court without pantyhose in front of a jury and victims was unprofessional, despite that Ms. Dayal had a medical note stating she could not wear pants or pantyhose because of her disability. DEFENDANT KOHLER became visibly agitated during the meeting and was

GUTIERREZ DERHAM LAW FIRM LLP

noticeably displeased to make any accommodation to Ms. Dayal, and had to be pulled aside and calmed down by County counsel twice.

43.    In April 2022, after returning from a religious family wedding, Ms. Dayal again showed her opposition to Defendants' discriminatory and retaliatory practices by appearing for work with Mehndi on her palms, and again verbally DEFENDANT RUSSELL reprimanded her and prohibited her from doing her job until her hands were clean.

44.    In July 2022, Ms. Dayal was informed by DEFENDANT KOHLER that she was being moved from the Domestic/Family Violence Unit in downtown Bakersfield, to the Delano Court Branch where she would be the only DDA under SDDA Defendant Pearl. This was a demotion since she was previously handling felony domestic violence cases downtown for a year, and she was being transferred to handle misdemeanor cases. Ms. Dayal was made aware that Defendant Zimmer and Defendant Kohler could not stand to look at her in her approved footwear, and were still resentful that Ms. Dayal would not drop the accommodation request which was why she was being moved to Delano. Ms. Dayal raised concerns that the transfer would double her commute time which would aggravate her medical condition because of the long periods of time in the car. Further, this assignment essentially set Ms. Dayal up for failure as she was the only Deputy District Attorney at that location and she would have no coverage on days when she had medical appointments, or needed schedule accommodations due to her increased morning condition and request for a flexible start time.

45.    On July 18, 2022, Ms. Dayal started her assignment in Delano under the supervision of SDDA Defendant Pearl. During Ms. Dayal's time in Delano, she was formally reprimanded and scrutinized because she needed to attend necessary medical appointments, and because she would at times arrive later due to her increased symptoms in the morning.

46.    From July 2022 through November 2022, Ms. Dayal continued to verbally request accommodations for her medical disability that was exacerbated by the longer commute and earlier start time. Instead of engaging in an interactive process with Ms. Dayal, SDDA Defendant Pearl and SDDA Defendant Russell ignored the requests and repeatedly reprimanded her for being late:

    a.    On July 21, 2022, Ms. Dayal emailed SDDA Defendant Pearl about her back pain due to the increased commute.

10

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

b. On August 29, 2022, Ms. Dayal emailed SDDA Defendant Pearl about her worsening chronic disability and back pain worsening because of the conditions in Delano.

c. On September 20, 2022, SDDA Defendant Pearl issued Ms. Dayal a written reprimand for arriving late to work. Defendant Pearl's demand that Ms. Dayal be in the Delano office earlier than she was previously required to report for work, was exaggerated by the now longer commute. Ms. Dayal informed Defendant Pearl that Ms. Dayal had previously been allowed a more flexible morning schedule due to her medical disability.

d. September 22, 2022, Ms. Dayal treated with her physician who provided a note documenting her restrictions due to her worsening medical condition caused by the longer commute time.

e. On October 4, 2022, Ms. Dayal notified SDDA Defendant Russell of her increasing back pain due to the extended commute to Delano in hopes of intervention given the refusal of SDDA Defendant Pearl to engage in an interactive process to find an accommodation for her disability. Ms. Dayal was reprimanded for discussing the matter with Defendant Russell about her working conditions.

f. On October 7, 2022, Ms. Dayal informed SDDA Defendant Pearl she was running late into the office due to her medical disability.

g. On October 13, 2022, Ms. Dayal informed SDDA Defendant Pearl she was running late due to her medical disability.

h. On October 25, 2022, Ms. Dayal informed SDDA Defendant Pearl she was running late due to her medical disability.

i. October 27, 2022, Ms. Dayal, after being ignored by SDDA Defendant Pearl, complained to SDDA Defendant Russell regarding the work conditions of the extended commute and unable to perform due to disability.

j. On November 2, 2022, Ms. Dayal informed SDDA Defendant Pearl she was running late due to her medical disability.

47. In November 2022, Defendant Zimmer invaded the privacy of all county employees when she demanded all employees provide text messages and emails from their personal cell phones

related to Dayal and her discussions with them related to her working conditions and the treatment she received by KERN COUNTY DA and her supervisors. This was done in an effort to build cause for termination against Ms. Dayal to avoid dealing with Ms. Dayal's request for accommodations due to her disability and religious observations.

48.    On November 22, 2022, exhausted by the ongoing discrimination, harassment and retaliation, Ms. Dayal tendered her resignation to KERN COUNTY DA, with her last day being December 9, 2022, as Ms. Dayal had a conditional job offer from Riverside County District Attorney's Office.

49.    On December 1, 2022, Kern County District Attorney's Office placed Nishi Dayal on "Paid Administrative Leave" status. This status change was made without proper cause or notice under Kern County Civil Service Rule 1700 et. al. and unprecedented whereas other employees that tender their resignation are allowed to work through their notice period without being placed on administrative leave.

50.    The status change was in furtherance of a continued retaliation, discrimination and harassment experienced by Ms. Dayal due to her religion, race and disability, and since her complaints to Kern County DA related to her disability and requested accommodations, in an intentional effort to cause Ms. Dayal shame, embarrassment, and great emotional distress.

51.    In early December 2022, Ms. Dayal was told by Riverside County investigator that her background check was essentially complete and everything was in order other than interviews with Defendant Zimmer.

52.    Based on information and believe, in late December 2022, Defendant Zimmer or by and through Defendant Zimmer's direction, KERN COUNTY DA reached out to Riverside County District Attorneys office and issued disparaging statements concerning Ms. Dayal's employment, intentionally trying to sabotage and interfere with her future employment with the Riverside County District Attorney's Office. After the interview with KERN COUNTY DA, Ms. Dayal's conditional offer of employment with Riverside District Attorney's Office was in fact rescinded on or around January 3, 2023.

## FIRST CAUSE OF ACTION

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

**Disability Discrimination**
**Americans With Disabilities Act of 1990**
**42 U.S.C. §12111, et seq**
**(Against COUNTY and KERN COUNTY DA)**

53.     MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

54.     Plaintiff alleges that Defendant COUNTY and Defendant KERN COUNTY DA violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended.

55.     The ADA provides that no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 *USC* § 12112(a).

56.     To prevail in an ADA action, plaintiff must establish that plaintiff (1) is an "employee"; (2) has a "disability"; (3) is a "qualified individual" capable of performing the essential functions of the job either with or without reasonable accommodation; and was unlawfully discriminated against because of their disability. *Kennedy v. Applause, Inc.* (9th Cir. 1996) 90 F3d 1477, 1481.

57.     Individuals are "disabled" for purposes of the ADA if they have a "physical or mental impairment that "substantially limits" a "major life activity." [42 USC § 12102(1)(A); 29 CFR § 1630.2(g); EEOC Compliance Manual § 902.1.

58.     Ms. Dayal is considered disabled under the ADA as she suffers from physical impairments that substantially limits major life activities as a result of fibromyalgia which causes her chronic conditions including extreme back pain which limits her mobility, pain with prolonged sitting related to driving long distances, and difficulty getting up in the morning. Ms. Dayal's disability requires work/activity restrictions whereas she is unable to wear constructive leg wear such as stockings or footwear such as heels that cause flare ups in her medical conditions.

59.     KERN COUNTY and KERN COUNTY DA violated Ms. Dayal's rights under the ADA by limiting and segregating Ms. Dayal to the Delano branch because of her disability and the necessary accommodations related to her disability requiring that she be permitted to wear different footwear and no pantyhose while at work.

60.     KERN COUNTY and KERN COUNTY DA reassignment of Ms. Dayal to the Delano branch because of her disability and requested accommodations branch adversely affected her progression through the KERN COUNTY DA office as the cases she was assigned at the Delano branch comprised of less severity and less felony cases which would result in less advancement opportunities.

61.     As a direct and proximate result of DEFENDANTS COUNTY and KERN COUNTY DA's actions as alleged herein, DEFENDANTS COUNTY and KERN COUNTY DA has breached its duties imposed on all employers as established by statute.

62.     As a direct and proximate result of the DEFENDANTS COUNTY and KERN COUNTY DA's retaliation, Plaintiff lost other employment opportunities, in an amount to be proven at trial.

63.     As a further proximate result of DEFENDANTS COUNTY and KERN COUNTY DA's unlawful actions, Plaintiff has suffered emotional pain, humiliation, mental anguish, and distress.

**SECOND CAUSE OF ACTION**
**Disability Retaliation**
**Americans With Disabilities Act of 1990**
**42 U.S.C. §12203, et seq**
**(Against COUNTY and KERN COUNTY DA)**

64.     MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

65.     "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."42 U.S.C. § 12203, section 530.

66.     To establish a prima facie case of retaliation, the plaintiff must show by evidence showing that the employee engaged in an activity the ADA protects; the employer took an adverse employment action against the employee; and a causal link exists between the protected activity and the employer's adverse action. *Pardi v. Kaiser Found.Hosps*. (9th Cir. 2004) 389 F3d 840, 849.

67.     Ms. Dayal engaged in protected activity under the ADA by requesting reasonable accommodations for her disabilities including wearing specific footwear and not requiring that she wear pantihose or stockings beginning in June 2021 wherein she provided notes from her doctor to KERN

14
COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

COUNTY DA.

68.    In March 2022, despite knowing about Ms. Dayal's accommodation, Ms. Dayal received an unfavorable performance review due to Ms. Dayal wearing alternative footwear per her disability accommodation because it was deemed "unprofessional".

69.    In April 2022, Ms. Dayal participated in a meeting concerning a review of her requested accommodations. During the meeting, it was made clear that her superiors at KERN COUNTY DA were resentful that she was allowed the accommodations and eager to rescind the accommodations. Ms. Dayal objected to changing the accommodation because the requested changes were contrary to her doctor's note. After the meeting, new accommodation guidelines were established despite her superior's objections.

70.    Less than three months after the new accommodation guidelines were put into place, Ms. Dayal was transferred from the Domestic/Family Violence Unit in downtown Bakersfield, to the Delano Court Branch where she would be the only DDA under SDDA Defendant Pearl. This was a demotion since she was previously handling felony domestic violence cases downtown for a year, and she was being transferred to handle misdemeanor cases.

71.    DEFENDANTS COUNTY and KERN COUNTY DA violated 42 U.S.C. § 12203, section 530 by transferring Ms. Dayal to the Delano Branch in retaliation of Ms. Dayal's participation in her accommodation meeting/hearing, and refusing to drop her request for an accommodation.

72.    From July 2022 through the end of Ms. Dayal's employment in December 2022, Ms. Dayal suffered from retaliation at the hands of her supervisors as she continued to exercise her rights under the ADA for reasonable accommodations concerning her footwear and dress, and scheduling concerning the necessity to attend medical appointments.

73.    In further retaliation against Ms. Dayal, on December 1, 2023, KERN COUNTY DA placed Ms. Dayal on "Paid Administrative Leave" status during her resignation period without proper cause or notice under Kern County Civil Service Rule 1700 et. al. instead of allowing her to work through her resignation period.

74.    DEFENDANTS COUNTY and KERN COUNTY DA violated 42 U.S.C. § 12203, section 530 as described above in the complaint, and Ms. Dayal suffered injuries and damages as a

GUTIERREZ DERHAM LAW FIRM LLP

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

result.

75.     As a direct and proximate result of DEFENDANTS COUNTY and KERN COUNTY DA's actions as alleged herein, DEFENDANTS COUNTY and KERN COUNTY DA has breached its duties imposed on all employers as established by statute.

76.     As a direct and proximate result of the DEFENDANTS COUNTY and KERN COUNTY DA's retaliation, Plaintiff lost other employment opportunities, in an amount to be proven at trial.

77.     As a further proximate result of DEFENDANTS COUNTY and KERN COUNTY DA's unlawful actions, Plaintiff has suffered emotional pain, humiliation, mental anguish, and distress.

### THIRD CAUSE OF ACTION
**Religious Discrimination and Harassment**
**In Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq***
**(Against Defendants COUNTY and KERN COUNTY DA)**

78.     MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

79.     Defendants COUNTY and KERN COUNTY DA were at all times material hereto an employer within the meaning of Title VII, and as such, barred from discriminating in employment decisions on the basis of religious creed. At all times herein, Defendants controlled all aspects of Ms. Dayal's employment including but not limited to hiring, maintaining employment, discipline, supervision, and control of her day-to-day activities.

80.     In November 2021, Defendant RUSSELL prevented Ms. Dayal from doing her job when Ms. Dayal appeared at work with Mendhi on her palms in religious observance following her participation in a family weddings.

81.     Defendant RUSSELL told Ms. Dayal not go to Court with the Mehndi on her palms and could not go to jury trial either, requiring her to trail or postpone her trials until her "hands were clean". DEFENDANT RUSSELL told her if she could not postpone or trail a trial that she would have to explain to a jury why she had Mehndi on her palms.

82.     Ms. Dayal opposed Defendant RUSSELL's instruction informing him that she is Hindu and the Mehndi is received in preparation for sacred religious ceremonies and is in observance of her religious beliefs.

GUTIERREZ DERHAM LAW FIRM LLP

83.    Defendants allow other employees to showcase their Christian beliefs by wearing cross necklaces to trial, promoting Christian led fundraisers through company email, etc. without discipline or censorship.

84.    Ongoing discriminatory comments were made about her non-Christian religious beliefs and observances. Ms. Dayal again acted in opposition of Defendants unlawful discriminatory practices in April 2022 when she appeared to work with Mehndi on her palms again following a family wedding. In response, Ms. Dayal was again verbally reprimanded by Defendant RUSSELL and her job conditions were changed until "her hands were clean."

85.    Ms. Dayal's religion was the substantial motivating reason for Defendants' mistreatment of Ms. Dayal.

86.    This instruction by Defendant RUSSELL prevented Ms. Dayal from completing her job duties and assignments as a Deputy District Attorney.

87.    Similarly situated individuals outside of Ms. Dayal's religion were permitted to do their jobs and allowed to showcase their Christian beliefs by wearing cross necklaces to work, promoting Christian led fundraisers through company email, etc. without discipline or censorship. As such, they were treated more favorably that Ms. Dayal.

88.    As a proximate result of Defendant's unlawful actions, Ms. Dayal has suffered emotional pain, humiliation, mental anguish, and distress.

89.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Ms. Dayal, with an improper and evil motive amounting to despicable conduct, and in conscious disregard of Ms. Dayal's rights. Therefore, in addition to compensatory damages, Ms. Dayal is entitled to recover punitive damages from Defendant in an amount according to proof.

**FOURTH CAUSE OF ACTION**
**Religious Retaliation and Harassment**
**In Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq***
**(Against Defendants COUNTY and KERN COUNTY DA)**

90.    MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

17
COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

91.     Defendants COUNTY and KERN COUNTY DA were at all times material hereto an employer within the meaning of Title VII, and as such, barred from retaliating in employment decisions on the basis of religious creed. At all times herein, Defendants controlled all aspects of Ms. Dayal's employment including but not limited to hiring, maintaining employment, discipline, supervision, and control of her day-to-day activities.

92.     Title VII makes it an unlawful employment practice for a person covered by the Act to discriminate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

93.     In November 2021, Defendant RUSSELL changed Ms. Dayal's job conditions and prevented her from doing her job when Ms. Dayal appeared at work with Mendhi on her palms in religious observance following her participation in a family wedding.

94.     Defendant RUSSELL told Ms. Dayal not go to Court with the Mehndi on her palms and could not go to jury trial either, requiring her to trail or postpone her trials until her "hands were clean". DEFENDANT RUSSELL told her if she could not postpone or trail a trial that she would have to explain to a jury why she had Mehndi on her palms.

95.     Ms. Dayal opposed Defendant RUSSELL's instruction informing him that she is Hindu and the Mehndi is received in preparation for sacred religious ceremonies and is in observance of her religious beliefs.

96.     Defendants allow other employees to showcase their Christian beliefs by wearing cross necklaces to trial, promoting Christian led fundraisers through company email, etc. without discipline or censorship.

97.     Ongoing retaliatory comments were made about her non-Christian religious beliefs and observances. Ms. Dayal again acted in opposition of Defendants unlawful practices in April 2022 when she appeared to work with Mehndi on her palms again following a family wedding. In response, Ms. Dayal was again verbally reprimanded by Defendant RUSSELL and her job conditions were changed until "her hands were clean."

98.     Ms. Dayal's religion was the substantial motivating reason for Defendants' mistreatment

18

of Ms. Dayal.

99.    This instruction by Defendant RUSSELL prevented Ms. Dayal from completing her job duties and assignments as a Deputy District Attorney.

100.    Similarly situated individuals outside of Ms. Dayal's religion were permitted to do their jobs and allowed to showcase their Christian beliefs by wearing cross necklaces to work, promoting Christian led fundraisers through company email, etc. without discipline or censorship. As such, they were treated more favorably that Ms. Dayal.

101.    As a proximate result of Defendant's unlawful actions, Ms. Dayal has suffered emotional pain, humiliation, mental anguish, and distress.

102.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Ms. Dayal, with an improper and evil motive amounting to despicable conduct, and in conscious disregard of Ms. Dayal's rights. Therefore, in addition to compensatory damages, Ms. Dayal is entitled to recover punitive damages from Defendant in an amount according to proof.

**FIFTH CAUSE OF ACTION**
**Disparate Treatment Discrimination on Basis of Disability**
**In Violation of California Fair Employment and Housing Act**
**(Against Defendants COUNTY and KERN COUNTY DA)**

103.    MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

104.    "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status is hereby recognized as and declared to be a civil right." Cal. Gov. Code § 12921(a).

105.    It is unlawful for an employer, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, reproductive health decision-making, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, to discharge the person from employment, or to discriminate against the person in

GUTIERREZ DERHAM LAW FIRM LLP

compensation or in terms, conditions, or privileges of employment.  Cal. Gov. Code § 12940(a).

106.  KERN COUNTY and KERN COUNTY DA discriminated against Ms. Dayal in terms, conditions, or privileges of employment, on the basis of disability by limiting and segregating Ms. Dayal to the Delano branch because of her disability and the necessary accommodations related to her disability requiring that she be permitted to wear different footwear and no pantyhose while at work.

107.  KERN COUNTY and KERN COUNTY DA reassignment of Ms. Dayal to the Delano branch because of her disability and requested accommodations branch adversely affected her progression through the KERN COUNTY DA office as the cases she was assigned at the Delano branch comprised of less severity and less felony cases which would result in less advancement opportunities.

108.  KERN COUNTY and KERN COUNTY DA treated Ms. Dayal differently based on Ms. Dayal's disability.

109.  Ms. Dayal was harmed.

110.  Ms. Dayal's disability and disability accommodations were a substantial motivating reason for Defendant's disparate treatment.

111.  As a direct and proximate result of the actions of Defendant, and each of them, Plaintiff suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

112.  Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs including expert witness fees.  Cal. Gov. Code § 12965.

113.  Plaintiff is informed, believes, and thereon alleges that Defendant, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to interfere with, restrain or deny the exercise of, or the attempt to exercise, Plaintiff's rights under the FEHA.

114.  Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendant, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

GUTIERREZ DERHAM LAW FIRM LLP

115.    Defendant acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's FEHA rights.

116.    Defendant acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's FEHA rights.

117.    Pursuant to Civil Code section 3294, as a consequence of Defendant, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover actual damages, as well as exemplary damages against Defendant, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendant.

**SIXTH CAUSE OF ACTION**
**Disability Retaliation**
**In Violation of California Fair Employment and Housing Act**
**(Against All Defendants)**

118.    MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

119.    Defendants violated Calif. Gov. Code §12940, et seq. by retaliating against Plaintiff because she opposed, complained about and protested Defendants' discriminatory conduct.

120.    "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status is hereby recognized as and declared to be a civil right." Cal. Gov. Code § 12921(a).

121.    It is unlawful for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under the FEHA or because the person has filed a complaint under the FEHA. Cal. Gov. Code § 12940(h).

122.    Ms. Dayal engaged in protected activity under the FEHA by requesting reasonable accommodations for her disabilities including wearing specific footwear and not requiring that she wear

GUTIERREZ DERHAM LAW FIRM LLP

pantihose or stockings beginning in June 2021 wherein she provided notes from her doctor to KERN COUNTY DA.

123. In March 2022, despite knowing about Ms. Dayal's accommodation, Ms. Dayal received an unfavorable performance review due to Ms. Dayal wearing alternative footwear per her disability accommodation because it was deemed "unprofessional".

124. In April 2022, Ms. Dayal further engaged in protected activity by participating in a meeting concerning a review of her requested accommodations. During the meeting, it was made clear that her employer and superiors at KERN COUNTY DA were resentful that she was allowed the accommodations and eager to rescind the accommodations. Ms. Dayal objected to changing the accommodation because the requested changes were contrary to her doctor's note. After the meeting, new accommodation guidelines were established despite her superior's objections.

125. Less than three months after the new accommodation guidelines were put into place, Ms. Dayal was transferred from the Domestic/Family Violence Unit in downtown Bakersfield, to the Delano Court Branch where she would be the only DDA under SDDA Defendant Pearl. This was a demotion since she was previously handling felony domestic violence cases downtown for a year, and she was being transferred to handle misdemeanor cases.

126. DEFENDANTS COUNTY and KERN COUNTY DA violated Ms. Dayal's rights under FEHA by transferring Ms. Dayal to the Delano Branch in retaliation of Ms. Dayal's participation in her accommodation meeting/hearing, and refusing to drop her request for an accommodation.

127. From July 2022 through the end of Ms. Dayal's employment in December 2022, Ms. Dayal suffered from retaliation at the hands of her supervisors as she continued to exercise her rights under the FEHA for reasonable accommodations concerning her footwear and dress, and scheduling concerning the necessity to attend medical appointments.

128. In further retaliation against Ms. Dayal, on December 1, 2023, KERN COUNTY DA placed Ms. Dayal on "Paid Administrative Leave" status during her resignation period without proper cause or notice under Kern County Civil Service Rule 1700 et. al. instead of allowing her to work through her resignation period.

129. Ms. Dayal's disability, request for disability accommodations, and opposition to

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

Defendants unlawful practices was a substantial motivating reason for Defendants' retaliatory performance review in March 2022, decision to transfer her place her on "paid administrative leave" before the end of her resignation period.

130.   Other employees that tender their resignation are allowed to work through their notice period without being placed on administrative leave. The status change was in furtherance of a continued retaliation, discrimination and harassment experienced by Ms. Dayal due to her religion, race and disability, and since her complaints to Kern County DA related to her disability and requested accommodations, in an intentional effort to cause Ms. Dayal shame, embarrassment, and great emotional distress.

131.   Ms. Dayal was harmed.

132.   Defendants' decision to transfer her to Delano, and to place her on "paid administrative leave" before the end of her resignation period was a substantial factor in causing Ms. Dayal's harm.

133.   As a direct and proximate result of the actions of Defendant, and each of them, Plaintiff suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

134.   Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs including expert witness fees.  Cal. Gov. Code § 12965.

135.   Plaintiff is informed, believes, and thereon alleges that Defendant, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to interfere with, restrain or deny the exercise of, or the attempt to exercise, Plaintiff's rights under the FEHA.

136.   Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendant, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

137.   Defendant acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's FEHA rights.

GUTIERREZ DERHAM LAW FIRM LLP

138. Defendant acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's rights.

139. Pursuant to Civil Code section 3294, as a consequence of Defendant, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover actual damages, as well as exemplary damages against Defendant, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendant.

### SEVENTH CAUSE OF ACTION
**Failure to Provide Reasonable Accommodation in Violation of FEHA**
**(Against All Defendants)**

140. MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

141. The FEHA requires employers to make reasonable accommodation for the known disabilities of applicants and employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations. Cal. Gov. Code § 12940(m); 2 2 Cal. Code Regs. § 11068(a); see *Fisher v. Sup.Ct. (Alpha Therapeutic Corp.)*, 177 Cal. App. 3d 779, 783 (1986) (employer had reasonable accommodation obligation to employee with cancer-related medical condition). Employers who are aware of an employee's disability have an affirmative duty to make reasonable accommodations for such disability. This duty arises even if the employee has not requested any accommodation. *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 949–50 (1997) (employer had duty to take affirmative steps to make known to disabled employee other job opportunities within the company and to determine whether employee was qualified for those positions).

142. Reasonable accommodations may include, but are not limited to, such measures as: providing a part-time or modified work schedule; modifying an employer policy; and other similar accommodations. 2 Cal. Code Regs. § 11065(p)(2)(F)(I)(M)(O).

143. Ms. Dayal had a physical disability that was known to Defendant and Ms. Dayal asked to work with a reasonable accommodation while assigned to the Delano branch, including a flexible or

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

modified morning schedule and time off to attend medical appointments.  Defendant denied those requests and did not permit Ms. Dayal to work with reasonable accommodation but instead verbally and formally reprimanded her for being late knowing that her tardiness was caused due to her aggravated medical condition caused by the increased commute time.

144.    Even a single failure to accommodate an employee's disability is actionable, because "a single failure to make reasonable accommodation can have tragic consequences for an employee who is not accommodated." *A.M. v. Albertsons, LLC*, 178 Cal. App. 4th 455, 465 (2009).

145.    As a direct and proximate result of the actions of Defendant, and each of them, Ms. Dayal suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

146.    Pursuant to the FEHA, Ms. Dayal is entitled to an award of attorneys' fees and costs including expert witness fees.  Cal. Gov. Code § 12965.

147.    Ms. Dayal is informed, believes, and thereon alleges that Defendant, by and through its respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to interfere with, restrain or deny the exercise of, or the attempt to exercise, Ms. Dayal's rights under the FEHA.

148.    Ms. Dayal is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendant, by and through its officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Ms. Dayal.

149.    Defendant acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Ms. Dayal to cruel and unjust hardship in conscious disregard of Ms. Dayal's FEHA rights.

150.    Defendant acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Ms. Dayal's FEHA rights.

151.    Pursuant to Civil Code section 3294, as a consequence of Defendant, by and through its owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and

GUTIERREZ DERHAM LAW FIRM LLP

malicious workplace policies and practices described hereinabove, Ms. Dayal is entitled to recover actual damages, as well as exemplary damages against Defendant, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendant.

### EIGHTH CAUSE OF ACTION
**Failure to Engage in a Timely Good Faith Interactive Process
In Violation of California Fair Employment and Housing Act
(Against All Defendants)**

152.    Ms. Dayal incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

153.    It is an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.  Cal. Gov. Code § 12940(n).

154.    Ms. Dayal requested reasonable accommodations for her disability after her transfer to the Delano branch in July 2022 reiterating her need to attend medical appointments and her need for a flexible morning schedule due to her aggravated medical condition caused by her increased commute.

155.    From July 18, 2022 until Ms. Dayal's separation of employment, Ms. Dayal continuously requested accommodations due to her disability. These requested were ignored and instead, Ms. Dayal was verbally and formally reprimanded.

156.    Defendants failed to engage in a *good faith* dialogue with Ms. Dayal about potential accommodations.

157.    As a direct and proximate result of the actions of Defendants, and each of them, Ms. Dayal suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

158.    Pursuant to the FEHA, Ms. Dayal is entitled to an award of attorneys' fees and costs including expert witness fees.  Cal. Gov. Code § 12965.

159.    Ms. Dayal is informed, believes, and thereon alleges that Defendants, by and through its respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or

GUTIERREZ DERHAM LAW FIRM LLP

ratified the conduct herein alleged with intent to interfere with, restrain or deny the exercise of, or the attempt to exercise, Ms. Dayal's rights under the FEHA.

160.    Ms. Dayal is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by and through its officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Ms. Dayal.

161.    Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Ms. Dayal to cruel and unjust hardship in conscious disregard of Ms. Dayal's FEHA rights.

162.    Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Ms. Dayal's FEHA rights.

163.    Pursuant to Civil Code section 3294, as a consequence of Defendants, by and through its owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Ms. Dayal is entitled to recover actual damages, as well as exemplary damages against Defendants, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendants.

### NINTH CAUSE OF ACTION
### Labor Code 1102.5 Retaliation
### (Against All Defendants)

164.    Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

165.    An employer shall not retaliate against an employee because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.  Cal. Lab. Code § 1102.5(b).

GUTIERREZ DERHAM LAW FIRM LLP

166. Plaintiff disclosed information, to a person with authority (COUNTY, KERN COUTNY DA, Defendant Kohler, Defendant Pearl, and Defendant Russell) over Plaintiff, that Plaintiff reasonably believed to be a violation of state statute.

167. Plaintiff disclosed information, to a persons with authority over Plaintiff, that Plaintiff reasonably believed Defendants to be a violation of state statute concerning her onging requests for reasonable accommodations concerning dress code, and her revisited requests for reasonable accommodations during her time at the Delano branch. Ms. Dayal continued to request for complaince with her rights under FEHA to all Defendants.

168. "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(c).

169. Ms. Dayal refused to participate in an activity that would have resulted in a violation of state statute, including discrimination, harrassment and retalation based on disability, request for a reasonable accommodation and on the basis of religious creed.

170. In November 2022, Defendant Zimmer invaded the privacy of all county employees when she demanded all employees provide text messages and emails from their personal cell phones related to Dayal and her discussions with them related to her complaints of discrimination, retaliation and working conditions. This was done in an effort to build cause for termination against Ms. Dayal to avoid dealing with Ms. Dayal's request for accommodations due to her disability.

171. Plaintiff's protected activity played "contributing factor" in Defendants' retaliation of Plaitniff.

172. Plaintiff was harmed by Defendants' conduct.

173. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

174.   The conduct of Defendants constituted oppression, fraud, malice and was motivated by hostility and ill will, thereby entitling Plaintiff to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of said Defendants.

175.   Defendant ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to retaliate against Plaintiff in violation of fundamental public policies.

176.   In doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

177.   Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that Defendants engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's Labor Code rights to not be retaliated against on the basis of protected activity.

178.   Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that Defendants engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's Labor Code rights to not be discriminated against on the basis of protected activity.

179.   Pursuant to Civil Code section 3294, as a consequence of Defendants, Plaintiff is entitled to recover actual damages, as well as exemplary damages against Defendants, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendants.

180.   Pursuant to California Labor Code section 1102.5, Plaintiff is entitled to an award of attorneys' fees, and costs.

**TENTH CAUSE OF ACTION**
**Disparate Treatment Discrimination on Basis of Religious Creed**
**In Violation of California Fair Employment and Housing Act**
**(Against Defendants COUNTY and KERN COUNTY DA)**

181.   MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

182.   "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status is hereby recognized as and declared to be a civil right." Cal. Gov. Code § 12921(a).

183. It is unlawful for an employer, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, reproductive health decision-making, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, to discharge the person from employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. Cal. Gov. Code § 12940(a).

184. KERN COUNTY and KERN COUNTY DA discriminated against Ms. Dayal in terms, conditions, or privileges of employment, on the basis of religious creed by restricting Ms. Dayal from doing her job when Ms. Dayal had Mehndi on her palms in observance of her religion.

185. In November 2021, Defendant RUSSELL prevented Ms. Dayal from doing her job when Ms. Dayal appeared at work with Mendhi on her palms in religious observance following her participation in a family weddings.

186. Defendant RUSSELL told Ms. Dayal not go to Court with the Mehndi on her palms and could not go to jury trial either, requiring her to trail or postpone her trials until her "hands were clean". DEFENDANT RUSSELL told her if she could not postpone or trail a trial that she would have to explain to a jury why she had Mehndi on her palms.

187. Ms. Dayal opposed Defendant RUSSELL's instruction informing him that she is Hindu and the Mehndi is received in preparation for sacred religious ceremonies and is in observance of her religious beliefs.

188. Ongoing discriminatory comments were made about her non-Christian religious beliefs and observances. Ms. Dayal again acted in opposition of Defendants unlawful discriminatory practices in April 2022 when she appeared to work with Mehndi on her palms again following a family wedding. In response, Ms. Dayal was again verbally reprimanded by Defendant RUSSELL and her job conditions were changed until "her hands were clean."

189. KERN COUNTY and KERN COUNTY DA treated Ms. Dayal differently based on Ms. Dayal's religious creed whereas Defendants allow other employees to showcase their Christian beliefs

by wearing cross necklaces to trial, promoting Christian led fundraisers through company email, etc. without discipline or censorship.

190. Ms. Dayal was harmed.

191. Ms. Dayal's religious creed was a substantial motivating reason for Defendants' disparate treatment.

192. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

193. Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs including expert witness fees. Cal. Gov. Code § 12965.

194. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to interfere with, restrain or deny the exercise of, or the attempt to exercise, Plaintiff's rights under the FEHA.

195. Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

196. Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's FEHA rights.

197. Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's FEHA rights.

198. Pursuant to Civil Code section 3294, as a consequence of Defendants, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover

GUTIERREZ DERHAM LAW FIRM LLP

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

actual damages, as well as exemplary damages against Defendant, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendants.

**ELEVENTH CAUSE OF ACTION**
**Religious Retaliation**
**In Violation of California Fair Employment and Housing Act**
**(Against Defendants COUNTY and KERN COUNTY DA)**

199.    MS. DAYAL hereby realleges and incorporates by reference the allegations in the foregoing Paragraphs as if fully set forth herein.

200.    Defendants violated Calif. Gov. Code §12940, et seq. by retaliating against Plaintiff because she opposed, complained about and protested Defendants' discriminatory conduct.

201.    "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status is hereby recognized as and declared to be a civil right."  Cal. Gov. Code § 12921(a).

202.    It is unlawful for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under the FEHA or because the person has filed a complaint under the FEHA.  Cal. Gov. Code § 12940(h).

203.    Ms. Dayal engaged in protected activity under the FEHA by opposing Defendants discriminatory practices violating her right to engage in her religious observance.

204.    In November 2021, Defendant RUSSELL changed Ms. Dayal's job conditions and prevented her from doing her job when Ms. Dayal appeared at work with Mendhi on her palms in religious observance following her participation in a family wedding.

205.    Defendant RUSSELL told Ms. Dayal not go to Court with the Mehndi on her palms and could not go to jury trial either, requiring her to trail or postpone her trials until her "hands were clean". DEFENDANT RUSSELL told her if she could not postpone or trail a trial that she would have to explain to a jury why she had Mehndi on her palms.

206.    Ms. Dayal opposed Defendant RUSSELL's instruction informing him that she is Hindu and the Mehndi is received in preparation for sacred religious ceremonies and is in observance of her

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

religious beliefs.

207.    Defendants allow other employees to showcase their Christian beliefs by wearing cross necklaces to trial, promoting Christian led fundraisers through company email, etc. without discipline or censorship.

208.    Ongoing retaliatory comments were made about her non-Christian religious beliefs and observances. Ms. Dayal again acted in opposition of Defendants unlawful practices in April 2022 when she appeared to work with Mehndi on her palms again following a family wedding. In response, Ms. Dayal was again verbally reprimanded by Defendant RUSSELL and her job conditions were changed until "her hands were clean." Defendants actions were a substantial factor in causing Ms. Dayal's harm.

209.    Ms. Dayal was harmed.

210.    As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

211.    Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs including expert witness fees.  Cal. Gov. Code § 12965.

212.    Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to interfere with, restrain or deny the exercise of, or the attempt to exercise, Plaintiff's rights under the FEHA.

213.    Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

214.    Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's FEHA rights.

215.    Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for

GUTIERREZ DERHAM LAW FIRM LLP

Plaintiff's rights.

216.    Pursuant to Civil Code section 3294, as a consequence of Defendants, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover actual damages, as well as exemplary damages against Defendants, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendants.

### TWELFTH CAUSE OF ACTION
**Hostile Work Environment**
**In Violation of California Fair Employment and Housing Act**
**(Against All Defendants)**

217.    Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

218.    The opportunity to hold employment without discrimination because of sex or gender is "recognized as and declared to be a civil right." Cal. Gov. Code § 12921(a).

219.    It is unlawful for an employer because of religious creed or physical disability to harass an employee. Cal. Gov. Code § 12940(j)(1). Harassment of an employee shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. Loss of tangible job benefits shall not be necessary in order to establish harassment. Cal. Gov. Code § 12940(j)(1). Under FEHA, an employer is liable for harassment by a co-worker if the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action. Cal. Gov. Code § 12940(j)(1).

220.    The FEHA makes the employer strictly liable for harassment by a supervisory employee. *Myers v. Trendwest Resorts, Inc.*, 148 Cal. App. 4th 1403, 1420 (2007). Harassment of an employee by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. Cal. Gov. Code § 12940(j)(1). The prohibition on harassment is so strong, that an employer may even be responsible for the acts of nonemployees where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. Cal. Gov. Code § 12940(j)(1). Loss of tangible job benefits shall not be necessary in

GUTIERREZ DERHAM LAW FIRM LLP

order to establish harassment.  Cal. Gov. Code § 12940(j)(1).  Harassment includes but is not limited to: verbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act; and physical harassment, e.g., assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual on a basis enumerated in the FEHA.  2 Cal. Code Regs. § 11019(b)(2)(A)(B).

221.    An employee of an entity subject to FEHA is personally liable for any harassment prohibited by section 12940(j)(1).  Cal. Gov. Code § 12940(j)(1).

222.    It is an unlawful employment practice, for an employer because of religious creed or physical disability to harass an employee or a person providing services pursuant to a contract.  Cal. Gov. Code § 12940(j)(1).

223.    An employee is personally liable for any harassment prohibited by section 12940 that is perpetrated by the employee.  Cal. Gov. Code § 12940(j)(3).

224.    Plaintiff was subjected to unwanted harassing conduct during Plaintiff's employment because of Plaintiff's physical disability, request for accommodations, and religious creed.

225.    The harassing conduct was severe or pervasive.

226.    A reasonable person of Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

227.    Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

228.    Defendant Zimmer knew about, participated, and encouraged the harassment of Ms. Dayal because of her race, religious creed and physical disability beginning in June 2020 when Defendant Zimmer confronted Ms. Dayal about her personal social media posts concerning race issues, personal opinions, education, and specifically about discrimination against non-white women, and police brutality. Defendant Zimmer also voiced her disapproval of Ms. Dayal for requesting disability accommodations that allowed Ms. Dayal exceptions to the standard dress code, and Defendant Zimmer made it known that she did not want to see Ms. Dayal in the main office which is why Ms. Dayal was reassigned to the Delano Branch. As such, not only did Defendant Zimmer fail to take immediate and appropriate corrective action to prevent harassment of Ms. Dayal, Defendant Zimmer actively

participated in the harassment against Ms. Dayal.

229.    Defendant Kohler, Defendant Russell and Defendant Pearl all knew about and engaged in harassing conduct against Ms. Dayal because of her religious creed and physical disability.

230.    Plaintiff was harmed as a direct, proximate and foreseeable result of Defendant's conduct.

231.    Defendant's conduct was a substantial factor in causing Plaintiff's harm.

232.    As a direct and proximate result of the actions of the individual Defendants, and each of them, Plaintiff suffered damages in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

233.    Plaintiff is informed, believes, and thereon alleges that Defendant COUNTY and KERN COUNTY DA, by and through their respective managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged in violation of the FEHA.

234.    Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendants, by and through their officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

235.    Defendants acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's FEHA rights to work in a harassment free environment.

236.    Defendants acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's FEHA rights to work in a harassment free environment.

237.    Pursuant to Civil Code section 3294, as a consequence of Defendant, by and through their owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover actual damages, as well as exemplary damages against Defendants, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendant.

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP

238.    Pursuant to the FEHA, Plaintiff is entitled to an award of attorneys' fees and costs including expert witness fees.  Gov. Code § 12965.

### THIRTEENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against All Individual Defendants)**

239.    Ms. Dayal incorporates by reference herein each and every paragraph of the complaint as though set forth here in full.

240.    Defendants Zimmer, Kohler, Pearl and Russell's intentional, willful and malicious conduct as herein alleged was extreme and outrageous and should not be tolerated in our civilized society. Defendants fabricated disciplinary write-ups, defamed Ms. Dayal and engineered her demise and opportunity for future employment opportunities within the public sector solely to further their discriminatory and retaliatory brigade against Ms. Dayal because she refused to submit to their unlawful employment practices.

241.    As to Defendants Zimmer, Kohler, Pearl and Russell, the acts of these Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Ms. Dayal and to cause her mental anguish, anxiety, and distress. Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Ms. Dayal and with the intent to injure, constituting oppression, fraud, and malice, entitling Ms. Dayal to punitive damages against these individual Defendants only.

242.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, and each of them, Ms. Dayal has suffered economic damages resulting in her loss of a job opportunity and stress-related health consequences. Ms. Dayal claims economic damages and general damages for such health problems in an amount to be proven at time of trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.    For compensatory special damages, in an amount according to proof at the time of trial.

2.    For compensatory general damages, in an amount according to proof at the time of trial.

3.    For an order of injunctive relief.

GUTIERREZ DERHAM LAW FIRM LLP

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

4.      For exemplary and punitive damages in an amount deemed sufficient by trier or fact to punish, deter, and make an example of Defendants in an amount according to proof at the time of trial.

5.      For injunctive relief in the form of an order enjoining the Defendant from continuing violations of the ADA, Title VII, the California Labor Code and California Government Code.

6.      For costs of suit and such other and further relief as the court deems just.

7.      For reasonable attorneys' fees pursuant to the ADA, Title VII, California Labor Code, California Government Code and California Code of Civil Procedure.

8.      For costs of suit including expert witness fees.

9.      For prejudgment interest.

10.     For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff NISHI DAYAL hereby demands a trial by jury.

Dated:  January 8, 2024                          GUTIERREZ DERHAM LAW FIRM LLP

By:   _____
                                                  Amber B. Derham
                                                  Attorneys for Plaintiff, NISHI DAYAL

COMPLAINT OF NISHI DAYAL; DEMAND FOR JURY TRIAL

GUTIERREZ DERHAM LAW FIRM LLP