Michael E. Lehman, #133523
mlehman@tysonmendes.com
Deborah Reisdorph, # 164066
dreisdorph@tysonmendes.com
**TYSON & MENDES**
5200 N. Palm Ave., Ste. 311
Fresno, CA 93704
Telephone: (559) 500-2294

Attorney for Defendants, COUNTY OF KERN, KERN COUNTY DISTRICT ATTORNEY'S OFFICE, CYNTHIA ZIMMER, ANDREA KOHLER, GINA PEARL, and KENNETH RUSELL

**THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NISHI DAYAL,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, KERN COUNTY DISTRICT ATTORNEY'S OFFICE ("KERN COUNTY DA") CYNTHIA ZIMMER, *In Her Official and Individual Capacity;* ANDREA KOHLER, *In Her Official and Individual*; GINA PEARL, *In Her Individual Capacity;* KENNETH RUSELL, *In His Individual Capacity;* and DOES 1 THROUGH 10, INCLUSIVE.<br><br>    Defendants. | **CASE NO.: 1:24-cv-00039-JLT-CDB**<br>Complaint Filed: January 8, 2024<br>Assigned to:<br>Div.<br><br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants COUNTY OF KERN, KERN COUNTY DISTRICT ATTORNEY'S OFFICE, CYNTHIA ZIMMER, ANDREA KOHLER, GINA PEARL, and KENNETH RUSELL (hereinafter collectively referred to as "DEFENDANTS") hereby submit their Answer to the Complaint of Plaintiff NISHI DAYAL, an individual (hereinafter "PLAINTIFF") in this matter:

///

///

1. Defendants admit this court has jurisdiction over subject matter of claims.

2. Defendants admit this court has supplemental jurisdiction over related state law claims.

3. Defendants admit venue is proper in the Eastern District.

4. Defendants admit all allegations in this paragraph.

5. Defendants admit Kern County was a public employer and that it is subject to suit under various statutes.

6. Defendants admit Cynthia Zimmer resides in Kern County and was the elected District Attorney of Kern County.

7. Defendants admit Andrea Kohler resides in Kern County and is an Assistant District Attorney of Kern County.

8. Defendants admit Gina Peal reside in Kern County and is a Senior Deputy District Attorney.

9. Defendants admit Keneth Russell resides in Kern County and is a Senior Deputy District Attorney.

10. Defendants admit Kern County is a governmental entity is California and the administrative offices are at 1115 Truxtun Ave., Fifth Floor, Bakersfield, CA 93301.

11. Kern County District Attorney's office is located at 1215 Truxtun Ave., First Floor, Bakersfield, CA 93301.

12. Admit.

13. Admit. Kern County District Attorney's office is responsible for supervising, enacting, and/or enforcing the Kern County District Attorney's conduct, policies, and practices.

14. Admit Kern County District Attorney's office hires, retains, supervises and trains its employees but lacks information and belief to admit other claims and denies on that basis.

15. Admit first sentence. DOE defendants are not properly named in USDC lawsuits.

16. Admit Defendants are sued in individual capacity but DOE Defendants are improper in USDC lawsuits.

17. DOE Defendants are improperly named in USDC except where Plaintiff alleges why real names cannot be used.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

18. Defendants denies all Defendants, and each of them, were the employees, agents, servants, supervisors, managers, officers, and/or directors of each and every other Defendant. Defendants admit they were acting within the course and scope of employment.

19. Defendants denies all allegations in this paragraph based upon it being vague, unintelligible and overbroad.

20. Defendants admits these are Plaintiff's allegations but deny each Defendant knew what each other was doing.

21. Deny.

22. This is not a factual statement and should be stricken on that basis.

23. This is not a factual statement and should be stricken on that basis.

24. Deny.

25. This is not a factual statement and should be stricken on that basis.

26. This is not a factual statement and should be stricken on that basis.

27. Admits Kern County was an employer.

28. Admits Kern County was an employer of 5 or more persons.

29. Admit.

30. Admit.

31. Admit.

32. Defendants lacks sufficient information and belief to admit or deny, and on that basis, denies.

33. Admit.

34. Defendants lacks sufficient information and belief to admit or deny, and on that basis, denies.

35. Defendants lacks sufficient information and belief to admit or deny, and on that basis, denies.

36. Admit.

37. Admit.

38. Defendants denies that her right's to free speech and right to employment free from

-3-

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

discrimination and retaliation were violated.  The rest is denied on lack of information and belief to admit or deny.

39. Admit.

40. Defendants deny on the basis they lack sufficient information and belief to admit or deny.

41. Defendants deny Defendant Russell's conduct was discriminatory.

42. Defendants deny Defendant Kohler's conduct was discriminatory.

43. Defendants deny Defendant Russell's conduct was discriminatory or retaliatory.

44. Defendants admit Plaintiff was transferred to Delano, but denies the remaining allegations.

45. Defendants deny Plaintiff was scrutinized because she needed to attend medical appointments and deny the remaining statements on the basis they lack sufficient information and belief to admit or deny.

46. Defendants deny they failed to engage in the interactive process and the court sets hearing times, not the District Attorney's office.

47. Defendants deny these allegations on the basis they lack sufficient information and belief to admit or deny.

48. Admit.

49. Defendants deny these allegations on the basis they lack sufficient information and belief to admit or deny.

50. Deny.

51. Defendants deny these allegations on the basis they lack sufficient information and belief to admit or deny.

52. Deny, expect Defendants lack sufficient information and belief to admit or deny the allegations regarding Riverside County District Attorney's office rescinding their offer.

53. Defendants admit Plaintiff realleges and incorporates prior allegations.

54. Deny.

55. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

56. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

57. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

58. Defendants lack sufficient information or belief to admit or deny and on that basis, deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Defendants admit Plaintiff realleges and incorporates prior allegations.

65. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

66. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

67. Defendants lack sufficient information or belief to admit or deny and on that basis, deny.

68. Deny.

69. Deny.

70. Defendants admit Plaintiff was transferred to Delano but deny it was a demotion.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Defendants admit Plaintiff realleges and incorporates prior allegations.

79. Defendant Kern County admits it was an employee and that they controlled some aspects

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

of her employment but she controlled some aspects as well.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. This statement is so vague and ambiguous as to be unintelligible.

87. Deny that anyone was treated more favorably than Plaintiff.

88. Deny.

89. Deny the allegations and deny that Kern County is subject to punitive damages.

90. Defendants admit Plaintiff realleges and incorporates prior allegations.

91. Defendant Kern County admits it was an employee and that they controlled some aspects of her employment but she controlled some aspects as well.

92. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

93. Deny.

94. Deny.

95. Defendant lacks sufficient information and belief to admit or deny and on that basis, deny.

96. Deny.

97. Deny.

98. This statement is so vague and ambiguous as to be unintelligible.

99. This statement is so vague and ambiguous as to be unintelligible.

100. Deny.

101. Deny.

102. Deny the allegations and deny that Kern County is subject to punitive damages.

103. Defendants admit Plaintiff realleges and incorporates prior allegations.

104. Defendants admit only that the law cited is correct but it is not a factual allegation

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

and should be stricken.

105. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken

106. Deny.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

112. Deny, Plaintiff is entitled to attorneys' fees in this case. Admit that Cal. Gov. Code Section 12965 allows for attorneys' fees.

113. Deny.

114. Deny.

115. Deny.

116. Deny.

117. Deny the allegations and deny that Kern County is subject to punitive damages.

118. Defendants admit Plaintiff realleges and incorporates prior allegations.

119. Deny.

120. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

121. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

122. Deny.

123. Deny.

124. Deny.

125. Defendants admit Plaintiff was transferred to Delano but deny remainder of allegations.

126. Deny.

-7-

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny, Plaintiff is entitled to attorneys' fees in this case. Admit that Cal. Gov. Code Section 12965 allows for attorneys' fees.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

139. Deny the allegations and deny that Kern County is subject to punitive damages.

140. Defendants admit Plaintiff realleges and incorporates prior allegations.

141. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

142. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

143. Deny.

144. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

145. Deny.

146. Deny, Plaintiff is entitled to attorneys' fees in this case. Admit that Cal. Gov. Code Section 12965 allows for attorneys' fees.

147. Deny.

148. Deny.

149. Deny.

150. Deny.

151. Deny the allegations and deny that Kern County is subject to punitive damages.

152. Defendants admit Plaintiff realleges and incorporates prior allegations.

153. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

154. Deny.

155. Deny.

156. Deny.

157. Deny.

158. Deny, Plaintiff is entitled to attorneys' fees in this case. Admit that Cal. Gov. Code Section 12965 allows for attorneys' fees

159. Deny.

160. Deny.

161. Deny.

162. Deny.

163. Deny the allegations and deny that Kern County is subject to punitive damages.

164. Defendants admit Plaintiff realleges and incorporates prior allegations

165. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

166. Deny.

167. Deny.

168. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

169. Defendants deny any activities it requested Plaintiff to do would hae violated any state statute.

170. Deny.

171. Deny.

172. Deny.

-9-

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

173. Deny.

174. Deny.

175. Deny.

176. Deny.

177. Deny.

178. Deny.

179. Deny the allegations and deny that Kern County is subject to punitive damages.

180. Deny Plaintiff is entitled to attorneys' fees or costs in this case.

181. Defendants admit Plaintiff realleges and incorporates prior allegations.

182. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

183. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

184. Deny.

185. Deny.

186. Deny.

187. Deny.

188. Deny.

189. Deny.

190. Deny.

191. Deny.

192. Deny.

193. Deny, Plaintiff is entitled to attorneys' fees in this case.  Admit that Cal. Gov. Code Section 12965 allows for attorneys' fees.

194. Deny.

195. Deny.

196. Deny.

197. Deny.

198. Deny the allegations and deny that Kern County is subject to punitive damages.
199. Defendants admit Plaintiff realleges and incorporates prior allegations.
200. Deny.
201. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.
202. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.
203. Deny.
204. Deny.
205. Deny.
206. Deny.
207. Deny.
208. Deny.
209. Deny.
210. Deny.
211. Deny, Plaintiff is entitled to attorneys' fees in this case. Admit that Cal. Gov. Code Section 12965 allows for attorneys' fees.
212. Deny.
213. Deny.
214. Deny.
215. Deny.
216. Deny the allegations and deny that Kern County is subject to punitive damages.
217. Defendants admit Plaintiff realleges and incorporates prior allegations.
218. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.
219. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.
220. Defendants admit only that the law cited is correct but it is not a factual allegation

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

and should be stricken.

221. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

222. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

223. Defendants admit only that the law cited is correct but it is not a factual allegation and should be stricken.

224. Deny.

225. Deny.

226. Deny.

227. Defendants lack sufficient information or belief to admit or deny and on that basis, deny.

228. Deny.

229. Deny.

230. Deny.

231. Deny.

232. Deny.

233. Deny.

234. Deny.

235. Deny.

236. Deny.

237. Deny the allegations and deny that Kern County is subject to punitive damages.

238. Deny, Plaintiff is entitled to attorneys' fees in this case. Admit that Cal. Gov. Code Section 12965 allows for attorneys' fees.

239. Defendants admit Plaintiff realleges and incorporates prior allegations.

240. Deny.

241. Deny.

242. Deny.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

# AFFIRMATIVE DEFENSES

Defendants allege the following separate and affirmative defenses to each and every cause of action alleged in the Complaint. By alleging the defenses set forth below, Defendants do not thereby agree or admit that it has the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiff has properly asserted any caused of action against Defendants.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Defendants allege that the Complaint, and each and every claim contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Defendants allege Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 339, 340 and 343; California Labor Code section 1197.5; California Business and Professions Code section 17208; and any other applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Defendants allege that Plaintiff's Complaint, and each purported cause of action alleged therein against Defendants, is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

**(Waiver)**

Defendants allege that by her conduct Plaintiff has waived any right to recover any relief pursuant to her Complaint, or any purported Cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Defendants allege that by her conduct Plaintiff is estopped from recovering any relief pursuant to her Complaint, or any purported cause of action alleged therein.

### SIXTH AFFIRMATIVE DEFENSE

**(Lack of Damages)**

Defendants allege Plaintiff has suffered not damages as a result of any alleged act or omission of Defendants, and even if Plaintiff had suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

### SEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

Defendants allege that Plaintiff is guilty of undue delay in filing and prosecuting their suit, and accordingly, this action is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies – Inconsistent Allegations)**

Plaintiff's claims under any statute, including the California Labor Code and California Government Code, may not be maintained to the extent they differ or vary from the allegations of an administrative charge filed with the appropriate administrative agency.

### NINTH AFFIRMATIVE DEFENSE

**(No Intentional/Willful Violation)**

Defendants allege that any alleged violation of California wage laws, including the California Labor Code and Industrial Wage Orders, which Defendants deny occurred, was not intentional, knowing or willful and would have resulted from excusable error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### TENTH AFFIRMATIVE DEFENSE

**(Reasonable Interpretation of Applicable Law)**

Defendants allege that its conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of the applicable laws and regulations.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants allege that Plaintiff at all times acknowledged, ratified, acquiesced and/or gave her consent, express or implied to certain acts, omissions, representations, and courses of conduct of Defendants as alleged in the Complaint and each cause of action contained therein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Third Party Liability)

As to each and every cause of action, Defendants allege any alleged economic injury suffered by Plaintiff was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendants, including the acts and omissions of Plaintiff herself.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff at Fault)

Defendants allege that the Complaint and each and every claim contained therein, is barred to the extent that Plaintiff breached the duties she owed to her employer including, but not limited to, those set forth in California Labor Code sections 2854 and 2856.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

Defendants allege that if Plaintiff has suffered or will suffer any damages, those damage are a result of her own conduct, and not the result of any conduct by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Defendants allege that Plaintiff is not entitled to any relief on any of her causes of action because he has not suffered any damage as a result of any actions taken by Defendants.

///

///

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Emotional Distress Damages)

To the extent Plaintiff has suffered any symptoms of mental or emotional distress or injury, such symptoms are the result of an alternative concurrent cause or a preexisting psychological or physical disorder, and not the result of any act or omission of Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendants allege that Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, and any damages to which Plaintiff may be entitled must be reduced or denied accordingly.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Defendants allege that the Complaint and each and every claim contained therein, is barred by virtue of Plaintiff's at-will employment status.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Worker's Compensation Exclusivity)

Defendants alleges that the Complaint and each and every claim contained therein, is barred by the Worker's Compensation /Act, which is the sole and exclusive remedy for some, if not all, of Plaintiff's alleged injuries or damages.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Corrective Mechanisms)

Defendants allege that it exercised reasonable care to prevent and promptly correct any discriminatory behavior, if any, and Plaintiff unreasonable failed to take advantage of preventative or corrective mechanisms for reporting and resolving claims, or to otherwise avoid the harm.

///

///

///

///

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Discriminatory Act)

Defendants allege that Plaintiff is not entitled to relief because Defendants' alleged conduct of which Plaintiff complains, if committed, was at all times motivated solely by legitimate, non-discriminatory, business-related considerations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Compliance with Law)

Defendants allege that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by Defendants' compliance or substantial compliance with all applicable laws underlying Plaintiff's claim of unfair or unlawful business practices pursuant to California Business & Professions Code section 17200. Accordingly, Defendants' business practices were not unfair or unlawful within the meaning of California Business & Professions Code section 17200.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

Defendants allege that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by the Business Judgment Rule applicable to claims of unlawful business practices under Business and Professions Code section 17200.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Business Justification Defense)

Defendants allege that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by the Business Justification Defense applicable to claims of unlawful business practices under Business and Professions Code section 17200.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Defendants alleges that any recovery sought by Plaintiff is limited in whole or in part by the doctrine of after-acquired evidence.

///

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Defendants allege that the Complaint fails to state a claim for which attorneys' fees and costs may be granted.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Defendants allege that there is no basis alleged in the Complaint or any of its stated causes of action for the imposition of penalties upon Defendants.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer and allege other affirmative defenses as additional defenses become available during the course of discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice;

2. That judgment be entered in favor of Defendants and against Plaintiff;

3. That Defendants be awarded its costs of suit and attorneys' fees incurred herein; and

4. For such and other further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Defendant herby demands a trial by jury.

DATED:   April 2, 2024                                        TYSON & MENDES, LLP

                                                By _____
                                                   Michael E. Lehman
                                                   Deborah Reisdorph
                                                   Attorneys for Defendants,
                                                   COUNTY OF KERN, KERN COUNTY
                                                   DISTRICT ATTORNEY'S OFFICE, CYNTHIA
                                                   ZIMMER, ANDREA KOHLER, GINA PEARL,
                                                   and KENNETH RUSELL

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding. I am employed in and am a resident of Fresno County where the mailing occurs; and my business address is 5200 N. Palm Ave., Ste. 311, Fresno, CA 93704.

On April 2, 2024, I caused to be served the following document:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action by:

___ BY MAIL: I further declare that I am readily familiar with the firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure section 1013(a). I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

_X_ **ELECTRONIC SERVICE: I transmitted the document(s) described above to the person(s) and email addresses identified below pursuant to California Rules of Court.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 2, 2024, at Fresno, California.

_____
Bernice R. Meisner

-19-

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

# SERVICE LIST

*DAYAL v. COUNTY OF KERN, et al.*
Case No.: 1:24-cv-00039-JLT-CDB

| Amber B. Derham<br>Gutierrez Derham Law Firm LLP<br>6077 Coffee Road, Suite 4<br>Bakersfield, CA 93308<br>Telephone: (323) 676-6676<br>abd@gutierrezderham.com | *Attorney for Plaintiff, NISHI DAYAL* |
|---|---|

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**