UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHI DAYAL,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF KERN, *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-00039-JLT-CDB<br><br>ORDER GRANTING PARTIES' STIPULATED REQUEST TO EXTEND DEADLINES<br><br>(Doc. 28)<br><br>ORDER REQUIRING PARTIES TO FILE JOINT DISCOVERY MANAGEMENT REPORT<br><br>**14-DAY DEADLINE** |

**Background**

Pending before the Court is the parties' joint stipulated request (Doc. 28) to extend the discovery deadlines provided for in the scheduling order (Doc. 24).

In support of the request, the parties state that Plaintiff's medical records, needed to support her damages, are voluminous and the relevant medical providers have delayed producing them. Thus, the records have not been produced to Defendant. The parties further represent that subpoenas for these records will accompany Plaintiff's executed HIPAA release. The parties separately state that they are exchanging documents related to Defendants' initial disclosures, have exchanged

written discovery, and due to the status of written discovery, they have been unable to conduct depositions. *Id.* at 2.

Plaintiff anticipates deposing all four individual Defendants and at least three non-party witnesses and issuing deposition and business record subpoenas to non-party witnesses after reviewing written discovery. The parties seek additional time to adequately determine necessary experts after review of voluminous documents. *Id.*

The parties propose the following extended deadlines (*id.* at 3):

| | |
|---|---|
| Non-Expert Discovery: | February 10, 2025 |
| Expert Discovery: | April 11, 2025 |
| Expert Disclosure: | February 24, 2025 |
| Rebuttal Expert Disclosure: | March 10, 2025 |
| Non-Dispositive Motion Deadlines | |
| Filing: | April 25, 2025 |
| Hearing: | May 30, 2025 |
| Dispositive Motion Deadlines | |
| Filing: | June 13, 2025 |
| Hearing: | July 29, 2025 |

For good cause shown, the parties' stipulated request to extend deadlines (Doc. 28) will be granted. Because the parties' requested relief renders it unreasonable to maintain the pretrial conference and trial dates, those dates will be vacated. Further, the parties are referred to the operative scheduling order: "Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested." (Doc. 24 at 9). No such affidavits or declarations accompanied the instant filing. The parties are directed to comply with the scheduling order in connection with any future requests for relief.  Any future stipulated requests for extensions of case management dates unaccompanied by attorney declarations will be denied.

To ensure compliance with the Court's earlier reminder to the parties of "their obligation to diligently pursue and timely complete discovery within the scheduled case management dates" (*see* Doc. 27), the Court will require the parties to meet/confer and file a joint discovery management report documenting diligent discovery management efforts.

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED:

1. The operative scheduling order (Doc. 24) is amended to the following extent, all other provisions remain unchanged:

   | | |
   |---|---|
   | Non-Expert Discovery: | February 10, 2025 |
   | Expert Discovery: | April 11, 2025 |
   | Expert Disclosure: | February 24, 2025 |
   | Rebuttal Expert Disclosure: | March 10, 2025 |

   Non-Dispositive Motion Deadlines
   | | |
   |---|---|
   | Filing: | April 25, 2025 |
   | Hearing: | May 30, 2025 |

   Dispositive Motion Deadlines
   | | |
   |---|---|
   | Filing: | June 13, 2025 |
   | Hearing: | July 29, 2025 |

2. The pretrial conference set for August 11, 2025, and jury trial set to commence on October 7, 2025, before District Judge Jennifer L. Thurston, are VACATED.

///

///

3

3. Within 14 days of entry of this order, the parties SHALL FILE a discovery management report documenting: (1) meet and confer efforts between counsel and all anticipated deponents regarding their availability to appear for depositions, (2) a preliminary schedule for the anticipated noticing of depositions for all witnesses, and (3) identification of the non-party witnesses to which Plaintiff anticipates "issuing business record subpoenas" (Doc. 28 at 2, lines 21-22) and a timeline for issuance of those subpoenas.

**Failure to timely comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated: **November 7, 2024**  _____
UNITED STATES MAGISTRATE JUDGE