UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHI DAYAL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00039-JLT-CDB<br><br>ORDER GRANTING PARTIES' STIPULATED REQUEST TO EXTEND DEADLINES <u>AS MODIFIED</u><br><br>(Doc. 37) |

On January 10, 2025, the parties filed a jointly executed stipulated request (Doc. 35) to extend discovery deadlines. The parties' request was unaccompanied by attorney declarations and, thus, violated both the scheduling order (Doc. 24 at 9) and the Court's earlier order granting the parties' earlier stipulated request to extend deadlines (Doc. 29 at 2). The Court, therefore, denied the parties' request. (Doc. 36).

Pending before the Court is the parties' renewed jointly executed stipulated request (Doc. 37) to extend the discovery deadlines provided for in the scheduling order (Doc. 24).

**<u>Background</u>**

On June 5, 2024, the Court adopted the case management dates proposed by the parties, including a nonexpert discovery deadline of December 9, 2024, and entered the operative scheduling order, which admonished: "The dates set in this Order are considered to be firm and

will not be modified absent a showing of good cause even if the request to modify is made by stipulation." (Doc. 24) (emphasis removed).

Approximately four weeks prior to the nonexpert discovery deadline, the parties filed a stipulated request for approximate 60-day extension of discovery and pretrial motion dates. (Doc. 28). In general, the parties asserted an extension was warranted because (1) there was an unexplained delay by medical providers in producing records to Plaintiff that the Court presumed had been requested, (2) the parties' ongoing exchange of documents identified in Rule 26 initial disclosures was ongoing, "but the volume of documents ha[d] slowed the exchange," and (3) depositions were being delayed pending receipt and exchange of discoverable documents." *Id.* The Court found good cause to grant the requested extension but, given the dearth of details in the parties' stipulation regarding their discovery efforts, directed the parties to file a discovery management report in an effort to ensure the parties set defined discovery milestones to facility timely completion of discovery within the extended case management dates.

The parties failed to timely file the discovery management report but promptly filed the report following the Court's order to show cause threatening sanctions. (Docs. 30, 31). The parties' representations in that report appeared to evidence their disregard for the Court's admonition at the outset of the case that deadlines were "considered to be firm" absent good cause for extension. Thus, notwithstanding that discovery opened on June 5, 2024, the parties represented in their joint report that they had delayed for more than five months before exchanging documents identified in initial disclosures (*e.g.*, mid-November 2024). (Doc. 31 at 2). In their report, the parties committed to certain deadlines governing service of third-party subpoenas and depositions.

**The Parties' Pending Request**

In the parties' pending request for another approximate 60-day extension of discovery and motion filing dates, the Court discerns little from which to find good cause for granting the relief requested. Due to oversight, counsel for Defendants concedes serving third-party document subpoenas some four weeks after the self-imposed deadline represented in the parties' discovery management report. Similarly, counsel for Plaintiff concedes that, although she intended to serve third-party subpoenas on the self-imposed deadline represented in the discovery management report

2

(November 27), those subpoenas, too, were served late (by approximately two weeks). Given the delay in requesting documents and in light of the intervening holidays, it is unsurprising that documents have not been received. However, this does not excuse the parties' failure to diligently obtain and/or exchange documents that plainly are important to this case given Plaintiff's pervasive pleadings of medical conditions and disabilities. It also is unclear to the Court why Plaintiff delayed more than four months after discovery opened before serving her written discovery demands. (Doc. 37-1 ¶ 10).

Finally, notwithstanding the Court directed the parties to make arrangements to depose parties and witnesses before the nonexpert discovery deadline and notwithstanding the parties reported in their discovery management report that they had coordinated tentative deposition dates, counsel for Defendants now represents that she seemingly never was available during the dates proposed due to her involvement in and preparation for other trials. (Doc. 37-1 ¶¶ 12-13). While the undersigned acknowledges counsels' busy schedules, it is precisely because of that reality and the parties' inability to meet the original case management deadlines that the Court required the parties to confer regarding a discovery management plan – and to complete discovery consistent with that plan.

**Governing Legal Standard**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be

> successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . .

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

The parties have failed to establish the requisite diligence and good cause to warrant another 60-day extension of discovery/motion deadlines. As set forth in more detail above, the Court has been abundantly clear with the parties that the case management dates are not notional – they are firm deadlines to be moved only under compelling circumstances. No such compelling circumstances exist here based on counsels' failure to treat deadlines as deadlines.

Given the reported state of discovery, the Court does not discern any reason why Plaintiff cannot depose the named Defendants and other party witnesses. The Court acknowledges the need to receive and exchange Plaintiff's medical records prior to proceeding with her deposition, and accordingly, will extend the operative case management dates by 30 days.

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED, the operative scheduling order (Docs. 24, 29) is amended to the following extent, all other provisions remain unchanged:

| | |
|---|---|
| Non-Expert Discovery: | March 12, 2025 |
| Expert Discovery: | May 12, 2025 |
| Expert Disclosure: | March 26, 2025 |
| Rebuttal Expert Disclosure: | April 9, 2025 |

///

///

Non-Dispositive Motion Deadlines

    Filing:        May 27, 2025

    Hearing:     June 30, 2025

Dispositive Motion Deadlines

    Filing:        July 7, 2025

    Hearing:     August 19, 2025

IT IS SO ORDERED.

Dated: **January 17, 2025**             _____
                                         UNITED STATES MAGISTRATE JUDGE