UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHI DAYAL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00039-JLT-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTES<br><br>(Doc. 41) |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

On June 5, 2024, the Court adopted the case management dates proposed by the parties, including a nonexpert discovery deadline of December 9, 2024, and entered the operative scheduling order, which admonished: "The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation."  (Doc. 24) (emphasis removed).

Approximately four weeks prior to the nonexpert discovery deadline, the parties filed a stipulated request for approximate 60-day extension of discovery and pretrial motion dates.  (Doc. 28).  In general, the parties asserted an extension was warranted because (1) there was an unexplained delay by medical providers in producing records to Plaintiff that the Court presumed

1  had been requested, (2) the parties' ongoing exchange of documents identified in Rule 26 initial
2  disclosures was ongoing, "but the volume of documents ha[d] slowed the exchange," and (3)
3  depositions were being delayed pending receipt and exchange of discoverable documents." *Id.*
4  The Court found good cause to grant the requested extension but, given the dearth of details in the
5  parties' stipulation regarding their discovery efforts, directed the parties to file a discovery
6  management report in an effort to ensure the parties set defined discovery milestones to facility
7  timely completion of discovery within the extended case management dates. (Doc. 29).
8        On January 10, 2025, the parties filed a second stipulated request for order extending all
9  discovery and pretrial deadlines. (Docs. 35, 37). The Court granted this request in part by
10 extending discovery and pretrial motion filing deadlines by approximately 30 days but declined to
11 authorize the longer extension requested due to the parties' failure to demonstrate good cause.
12 (Doc. 38). Among other factors, the Court noted that the parties had failed to diligently comply
13 with the discovery milestones the Court directed they memorialize in granting the earlier
14 discovery and motion filing extension and that it appeared counsel for Defendants had agreed to a
15 tentative deposition schedule that was reported to the Court which counsel never could have
16 accomplished given her involvement in and preparation for other trials.
17       On March 28, 2025, the Court convened with the parties to address discovery disputes
18 relating to (1) Defendants' request to reopen Plaintiff's deposition after the close of nonexpert
19 discovery, and (2) Defendants' request to permit them to depose third-party witness Tara Wahl
20 after the close of nonexpert discovery. (Docs. 41, 42). Amber Derham appeared on behalf of
21 Plaintiff and Deborah Reisdorph appeared on behalf of Defendants. At the beginning of the
22 conference, the parties agreed to resolution of the identified discovery disputes outside the Local
23 Rule 251 formal parameters and agreed to abide by an order of the Court after the conference
24 resolving the disputes, subject to seeking review by the assigned district judge pursuant to Fed. R.
25 Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards.
26 **<u>Governing Legal Standard</u>**
27       "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of
28 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to

1  fairly examine the deponent or if the deponent, another person, or any other circumstance
2  impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "The presumptive duration may be
3  extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The
4  party seeking a court order to extend the examination, or otherwise alter the limitations, is
5  expected to show good cause to justify such an order." Advisory Comm. Notes to 2000
6  Amendment. "The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P.
7  30 provide: 'The court may enter a case-specific order directing shorter depositions ... with regard
8  to a specific witness.'" *Angelo v. Thomson Int'l Inc.*, No 1:21-cv-01609-JLT-CDB, 2023 WL
9  7388547, at *3 (E.D. Cal. Nov. 8, 2023).

10  Separately, "[i]n the absence of a stipulation, a party must obtain leave from the court to
11  re-open a deposition." *Bookhamer v. Sunbeam Prods. Inc.*, No. C 09-6027 EMC (DMR), 2012
12  WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012) (citing Fed. R. Civ. P. 30(a)(2)(A) and *Couch v.*
13  *Wan*, No. 08–1621, 2012 WL 4433470, at *3 (E. D. Cal. Sept. 24, 2012)). "Without a showing of
14  need or good reason, courts generally will not require a deponent's reopened deposition." *Couch*,
15  2012 WL 4433470, at *3 (citation omitted). "Reopened depositions are disfavored, except in
16  certain circumstances, such as, long passage of time with new evidence or new theories added to
17  the complaint." *Id.* (citing *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D.Cal.1990)).
18  "Courts will not find good need if: (i) the additional deposition is unreasonably cumulative or the
19  information can be obtained from some other source that is less burdensome; (ii) the party had
20  ample time to obtain the information through discovery; or (iii) the burden outweighs the likely
21  benefit." *Acosta v. Austin Elec. Servs. LLC*, No. CV-16-02737-PHX-ROS, 2018 WL 5722713, at
22  *1 (D. Ariz. Nov. 1, 2018) (citing *Bookhamer*, 2012 WL 5188302, at *2).
23  **Discussion**
24  For the reasons set forth and preserved on the record during the informal discovery
25  dispute conference, the Court finds that Defendants have failed to demonstrate good cause to
26  reopen Plaintiff's deposition but have demonstrated good cause for a brief extension of the
27  deadline to complete nonexpert discovery to facilitate a limited deposition of third-party witness
28  Tara Wahl.

### A. Whether Good Cause Warrants Reopening Plaintiff's Deposition

As recounted above and in the Court's orders (1) directing the parties to file a discovery management report and (2) granting only in part the parties' final stipulated request to extend discovery deadlines (*see* Docs. 29, 38), the Defendants' requests to continue nonexpert discovery after the deadline has passed is the result of their failure to diligently undertake discovery during the expanded time already granted.  Among other things, while Defendants assert Plaintiff's deposition should be reopened in part because Plaintiff never provided substantive responses to certain interrogatories (thereby hindering Defendants in completing the deposition within seven hours), Defendants did not serve their interrogatories until four months after discovery opened and failed during the discovery dispute conference to offer any reasonable explanation for this delay.  While counsel attributed her delay in seeking relief for Plaintiff's perceived discovery deficiencies to having trusted representations made by Plaintiff's counsel during informal efforts to remedy the parties' disputes, it was incumbent upon counsel to timely apply to the Court for relief.  *See, e.g., Casida v. Sears Holding Corp.*, No. 1:11–cv–01052 AWI JLT, 2012 WL 3260423, at *4 (E.D. Cal. Aug. 8, 2012) ("Defendants should have taken adequate steps to protect their rights by seeking the Court's assistance and intervention and their failure to do so now precludes them" from excluding a witness declaration for a witness who failed to appear for deposition).

Defendants similarly accuse Plaintiff of failing to abide by assurances made by counsel that she would produce certain categories of documents identified in Rule 26 initial disclosures and argue that reopening the deposition is warranted given Plaintiff's failure to produce such documents.  However, counsel for Plaintiff represented during the discovery dispute conference that Plaintiff is not withholding any documents discoverable under Rule 26 nor any written discovery demand made by Defendants, with the possible exception of a request for production propounded by Defendants on January 29, 2025.  That request for production seeks communications between Plaintiff and witnesses concerning Plaintiff's claims of retaliation and harassment.  However, it is entirely unclear even after questioning counsel for Defendants at the discovery dispute conference how or why, in a lawsuit involving claims of employment

4

1  discrimination, retaliation, and harassment, any defendant would wait for more than seven months
2  after discovery has commenced to issue a written discovery demand seeking a plaintiff's
3  communications with others about the subject of her claims.  Such unexplained delay is not a
4  basis for reopening a deposition after the close of discovery.

5  Defendants also argue that reopening Plaintiff's deposition is warranted because she
6  testified about "newly stated claims of harm" during her initial deposition and that Defendants
7  should have further opportunity to explore these claims.  (Doc. 41 at 3).  However, having
8  considered the arguments of counsel during the discovery dispute conference and reviewed the
9  relevant deposition transcript excerpt, the Court concludes that Plaintiff's testimony largely
10 elaborated on categories of harm previously disclosed in her Rule 26 disclosures and in response
11 to Defendants' interrogatories.

12 The Court has considered Defendants' other arguments (including the purported
13 complexity/scope of employment claims at issue) and concludes that Defendants have not
14 demonstrated sufficient good cause to warrant reopening Plaintiff's deposition. *See, e.g., Acosta*,
15 2018 WL 5722713, at *1 (D. Ariz. Nov. 1, 2018) (courts will not find good cause to reopen a
16 deposition if the information could be obtained from some other source that is less burdensome,
17 the requesting party could have obtained the information during discovery or the burden
18 outweighs the likely benefit); *Bookhamer*, 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012)
19 (same).

20 **B. Whether Good Cause Warrants Reopening Discovery for Third-Party Deposition**

21 Defendants also seek to reopen discovery for the purpose of noticing the deposition of a
22 third-party witness, Tara Wahl, upon whom Defendants have attempted to serve a deposition
23 subpoena without success.  Defendants argue that during her deposition, Plaintiff identified Ms.
24 Wahl as a witness knowledgeable about three issues relevant to Plaintiff's claims of
25 discrimination and retaliation.  (Doc. 41 at 5).

26 Ms. Wahl was identified in Plaintiff's Rule 26 disclosures as a witness with knowledge
27 about Plaintiff's employment claims, including about the harm Plaintiff allegedly suffered due to
28 Defendants' conduct.  However, according to counsel for Defendants, it was not until Plaintiff's

5

deposition on February 26, 2025, that she first identified Ms. Wahl as the source of Plaintiff's knowledge that Defendant Zimmer allegedly contacted and communicated disparaging information about Plaintiff to the Riverside County district attorney's office. Plaintiff pleads this fact in her complaint on information and belief (Doc. 1 ¶ 52) but asserts it as a known fact in response to Defendants' Interrogatory No. 19. *See* (Doc. 41-1 at 55-58).

Given the importance of this fact in connection with Plaintiff's retaliation claims and that Ms. Wahl appears to be the singular source of information on this subject, the Court will grant a limited extension of nonexpert discovery for the exclusive purpose of deposing Ms. Wahl on this limited topic on a single day for a total amount of 90 minutes. Because Defendants were on notice from Plaintiff's Rule 26 disclosures that Ms. Wahl had knowledge regarding Plaintiff's general claims of harm, but chose not to notice her deposition until after deposing Plaintiff, the Court will not permit Defendants to examine Ms. Wahl on any subjects aside from the allegations involving or reasonably related to Defendant Zimmer's communications with the Riverside County district attorney's office about Plaintiff, as set forth above. *See Angelo*, 2023 WL 7388547, at *3 (E.D. Cal. Nov. 8, 2023) (court properly may impose limitations on witness depositions)

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED:

1. Defendants' request to reopen Plaintiff's deposition is DENIED;

2. Defendants' request to continue nonexpert discovery to seek to notice and take the deposition of third-party Tara Wahl is GRANTED on the terms and conditions set forth above; and

3. Defendants SHALL serve Ms. Wahl with a subpoena to testify no later than April 3, 2025, and SHALL notice and complete her deposition no later than April 11, 2025.

IT IS SO ORDERED.

Dated:   **March 28, 2025**

UNITED STATES MAGISTRATE JUDGE

6