1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   NISHI DAYAL,                              Case No. 1:24-cv-00039-JLT-CDB

12              Plaintiff,                      ORDER GRANTING IN PART
                                               DEFENDANTS' MOTION TO COMPEL
13       v.

14   COUNTY OF KERN, *et al.*,                 (Docs. 64, 65)

15              Defendants.                     **14-Day Deadline**

16

17          Pending before the Court is the motion brought pursuant to Rule 37 of the Federal Rules

18   of Civil Procedure by Defendant County of Kern to compel Plaintiff Nishi Dayal to provide

19   "further responses" to three of Defendant Kern County District Attorney's Office's requests for

20   production of documents.  (Docs 64, 65).[1]  Plaintiff filed an opposition on June 6, 2025.  (Doc.

21   66).

22   **Background**

23          Plaintiff, formerly employed as a Deputy District Attorney by Defendant Kern County

24   District Attorney's Office ("DA's Office") between January 6, 2020, and December 9, 2022,

25   _____

26          [1] Although counsel filing the motion presently represents only Defendant County of Kern,
     she asserts that the motion is brought also by, in one instance, the Kern County District
27   Attorney's Office (*see* Doc. 64-1 at 1), and in another instance, all other Defendants (*see* Doc. 64
     at 2 & n.1).  Regardless, the only subject of the present motion to compel is certain of the requests
28   for production of documents propounded by Defendant Kern County District Attorney's Office.
     *See* (Doc. 64-2).

1   initiated this action with the filing of a complaint on January 8, 2024.  (Doc. 1 at ¶ 33).  In

2   addition to the DA's Office, Plaintiff names as defendants the County of Kern, four supervisory

3   attorneys employed by the DA's Office during Plaintiff's tenure, and unnamed Doe defendants.

4   Plaintiff asserts claims based on disability discrimination and retaliation in violation of the

5   Americans with Disabilities Act ("ADA") and the California Fair Employment and Housing Act

6   ("FEHA"), including related claims of failure to provide a reasonable accommodation, failure to

7   engage in a good faith interactive process, and disparate treatment discrimination.  She also

8   asserts claims under Title VII of the Civil Rights Act of 1964 and FEHA for religious

9   discrimination, harassment, and retaliation, and related claims for hostile work environment and

10   intentional infliction of emotional distress.

11         Plaintiff alleges that she is disabled under the ADA "as a result of fibromyalgia which

12   causes her chronic conditions including extreme back pain which limits her mobility, pain with

13   prolonged sitting related to driving long distances, and difficulty getting up in the morning."

14   (Doc. 1 at ¶¶ 34, 58).  She alleges that her disability "requires work/activity restrictions whereas

15   she is unable to wear constructive leg wear such as stockings or footwear such as heels that cause

16   flare ups in her medical conditions."  *Id*.

17         Plaintiff alleges she "became a target for Defendants" following an incident in June 2020

18   when certain of Defendants criticized her for her social media posts in which she expressed

19   opinions opposed by Defendants.  Plaintiff alleges that Defendants' actions reflect that she was a

20   target for discrimination because Defendants allowed other employees to fundraise at work by

21   selling "blue lives matter" flags.  *Id.* ¶ 38.

22         Plaintiff alleges that she initially was granted accommodations for her disability, to

23   include being excused from wearing pantihose and permitted to wear accommodating footwear,

24   but that over time, Defendants criticized her and ultimately relocated her worksite to a more

25   distant office in retaliation for her accommodations.  *Id.* ¶ 39, 41-42, 44, 59.  Plaintiff alleges that,

26   upon her office transfer, she raised concerns to her supervisors that the transfer would double her

27   commute time and thereby aggravate her medical condition because of the long periods of time in

28   her car.  *Id.* ¶ 44.  She thereafter "continued to verbally request accommodations for her medical

1    disability that was exacerbated by the longer commute and earlier start time," but that certain of

2    Defendants "ignored the requests and repeatedly reprimanded her for being late." *Id.* ¶ 46.

3        Separately, Plaintiff alleges that certain Defendants retaliated and discriminated against

4    her when she appeared at work with Mehndi on her palms as an expression of her Hindu faith. *Id.*

5    ¶ 40. Plaintiff asserts these Defendants intimidated and embarrassed her because of the Mehndi

6    on her palms and prevented her from doing her job. *Id.* ¶¶ 80-82, 93-95, 185-87.

7        Ultimately, Plaintiff resigned from the DA's Office and sought to pursue a conditional job

8    offer from the Riverside County District Attorney's Office. *Id.* ¶ 48. Plaintiff alleges that the

9    DA's Office unlawfully changed her status to "paid administrative leave" "in furtherance of a

10   continued retaliation, discrimination and harassment experienced by Ms. Dayal due to her

11   religion, race and disability, and since her complaints to Kern County DA related to her disability

12   and requested accommodations, in an intentional effort to cause Ms. Dayal shame,

13   embarrassment, and great emotional distress." *Id.* ¶¶ 48-50. Plaintiff alleges that the conditional

14   job offer was rescinded after Defendants contacted the Riverside County District Attorney's

15   office "and issued disparaging statements concerning Ms. Dayal's employment, intentionally

16   trying to sabotage and interfere with her future employment." *Id.* ¶ 52.

17   **<u>Governing Legal Standard</u>**

18       Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter

19   that is relevant to any party's claim or defense and proportional to the needs of the case,

20   considering the importance of the issues at stake in the action, the amount in controversy, the

21   parties' relative access to relevant information, the parties' resources, the importance of the

22   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

23   outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in

24   evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023

25   WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to

26   make a fact more or less probable than it would be without the evidence; and (b) the fact is of

27   consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly

28   defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*,

1    437 U.S. 340, 350-51 (1978).

2         Relevant here, if a party responding to a Rule 34 request for production of documents fails

3    to comply with the request, the propounding party may seek relief from court through a motion to

4    compel pursuant to Rule 37.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).  "[T]he party moving to compel

5    bears the burden of demonstrating why the [responding party's] objections are not justified."

6    *Harris v. Quillen*, No. 1:17-cv-01370-DAD-SAB (PC), 2020 WL 4251069, at *1 (E.D. Cal. June

7    5, 2020) (citing cases). "This requires the moving party to inform the Court which discovery

8    requests are the subject of the motion to compel, and, for each disputed response, why the

9    information sought is relevant and why the responding party's objections are not meritorious."

10   *Id*. "The party who resists discovery has the burden to show that discovery should not be

11   allowed, and has the burden of clarifying, explaining, and supporting its objection."  *Jadwin v.*

12   *Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008)

13   (quotation and citations omitted).

14   **<u>Discussion</u>**

15        Defendants assert that Plaintiff's responses to three of Defendants' requests for production

16   of documents (RPD) are deficient.  They seek a court order compelling "further responses" to

17   those RPDs.  (Doc. 64).

18        **A.  RPD No. 16**

19   **All DOCUMENTS reflecting any and all communications, including any text messages,**

20   **emails, or electronic transmissions between YOU and Tara Deal.**

21        Plaintiff asserts the requested documents are relevant because Ms. Deal was a witness

22   identified by Plaintiff in her Rule 26 initial disclosure as a coworker with knowledge of the

23   emotional distress and physical effects Plaintiff experienced as a result of Defendants' retaliation,

24   discrimination, harassment, and failure to accommodate Plaintiff.  (Doc. 64-1 at 10).  Further,

25   Defendants assert the requested documents are relevant because, during her deposition testimony,

26   Plaintiff identified Ms. Deal as a person knowledgeable about certain statements Plaintiff's

27   former supervisor allegedly made to a supervisor at a prospective employer's office, which

28   Plaintiff contends was a deliberate effort to sabotage her conditional job offer there.  *Id*. at 10-11;

4

1    *see* (Doc. 1 ¶ 52).

2        On March 3, 2025, Plaintiff served Defendants with her response to RPD No. 16 that

3    included no documents and the following objections: vagueness; overbreadth; unduly

4    burdensome; privacy; attorney client work product privilege. (Doc. 65-2). On April 8, 2025,

5    Plaintiff served a supplemental response asserting the same objections and produced responsive

6    documents narrowed to the following universe: "communications between Tara Wahl and

7    Plaintiff, related to Plaintiff's claims and Plaintiff's employment with the Kern County of DA."

8    (Doc. 65-7). Counsel for Plaintiff represented in the supplemental response that she had redacted

9    certain produced documents on both relevance and privacy grounds.

10       "[C]ourts in this Circuit typically conclude that the unilateral redaction of documents on

11   the ground that the producing party deems the information irrelevant is generally improper."

12   *Clark v. City of Los Angeles*, No. CV 20-10768 CAS (PVCx), 2023 WL 9687608, at *5 (C.D.

13   Cal. Nov. 20, 2023) (citing cases). Accord *Ludlow v. Flowers Foods, Inc*., No. 18-cv-01190-JO-

14   JLB, 2023 WL 6370903, at *6 (S.D. Cal. Aug. 2, 2023). "At the same time, some courts have, in

15   specific circumstances, permitted relevancy redactions, especially when the redacted information

16   plainly has no potential relevancy to the litigation or is particularly sensitive." *Clark*, 2023 WL

17   9687608, at *6.

18       Plaintiff's overbreadth objection to Defendants' seemingly unbounded request for all of

19   her communications with Ms. Deal is meritorious. The Court agrees with and adopts Plaintiff's

20   narrowed scope of RPD No. 16 to communications between Plaintiff and Ms. Wahl related to

21   Plaintiff's claims and Plaintiff's employment with the DA's Office.

22       Although Plaintiff also asserted in her supplemental response to RPD No. 16 objections

23   based on privacy and privilege, during the informal discovery dispute conference, counsel

24   represented that Plaintiff had not withheld any documents responsive to the request and had

25   redacted produced documents only on the grounds of relevance and responsiveness. Plaintiff

26   confirms in opposition to Defendants' motion that the redactions she applied were not on the

27   ///

28

5

1  basis of privilege, but rather, relevance. (Doc. 66 at 11).[2]

2         Plaintiff asserts in conclusory fashion that the redacted portions of the produced

3  communications are not relevant to the claims at issue; however, she does not attempt to establish

4  that any redacted content is particularly sensitive. As such, the Court will order Plaintiff to

5  produce to Defendants an unredacted version of the documents already produced in response to

6  RPD No. 16. Further, the Court will order Plaintiff to serve upon Defendants a supplemental

7  response to RPD No. 16 in which Plaintiff attests whether any documents responsive to the

8  narrowed document universe set forth above are withheld and the grounds for the withholding.

9  *See* Fed. R. Civ. P. 26(b)(5).[3]

10        **B. RPD No. 27**

11  **All DOCUMENTS reflecting YOUR posts on social media platforms including but not**

12  **limited to Flickr, Instagram, and Facebook, during the period of January 1, 2018 to the**

13  **present**.

14        Defendants assert that Plaintiff's social media content is relevant because she alleges that

15  she was subjected by her supervisors to critique or informal discipline for certain social media

16  posting regarding race issue, personal opinions, education, discrimination and police brutality.

17  (Doc. 64-1 at 14). Defendants also assert that Plaintiff's social media content is relevant because

18  they surmise some of Plaintiff's postings will contradict her claim that her disability prevents her

19

20        [2] Because this action is before the Court on the basis of federal question jurisdiction (Doc.
   1 at 1), it is doubtful that Plaintiff could withhold from production otherwise discoverable
21  documents based on any purported privilege in a right to privacy. *Cf. Ceramic Corp. of Am. v.
   Inka Maritime Corp., Inc*., 163 F.R.D. 584, 588 (C.D. Cal.) *with Lite On It Corp. v. Toshiba
22  Corp*., No. CV 07-04758-SGL(AJWx), 2009 WL 10669760, at *3 (C.D. Cal. Mar. 4, 2009). The
   Court need not resolve that issue as Plaintiff has not sought to defend her redactions based on a
23  right to privacy and has not presented the Court with the necessary balancing of interests
   applicable under California law. *See Galanski v. Wal-Mart Assocs., Inc*., No. 1:23-cv-01270-
24  JLT-CDB, 2024 WL 2701084, at *3 (E.D. Cal. May 24, 2024) (citing *inter alia Pioneer Elec.
   (USA), Inc. v. Super. Ct.*, 40 Cal.4th 360, 370 (2007)).
25

26        [3] Defendants suggest Plaintiff improperly has withheld text messages, arguing that
27  Plaintiff testified "that she exchanged texts with Tara Deal about the administrative leave which
   she contests is a major offense against her" (Doc. 64-1 at 12); however, the cited deposition
28  transcript excerpt (*see* Doc. 65-11 at Tr. 210) does not support that contention.

1    from wearing restricted clothing, heels, and stockings, and also contradict her claim that she

2    experienced pain during long travel.  *Id.*  Relatedly, Defendants argue that Plaintiff's testimony

3    during deposition that she skydives and likes to post to social media her attempted handstands

4    may contradict her asserted disabilities.  *Id.* at 15.

5         On March 3, 2025 Plaintiff served Defendants with her response to RPD No. 27 that

6    included no documents and the following objections: vagueness; overbreadth; unduly

7    burdensome; privacy; attorney client work product privilege. (Doc. 65-2).  On April 8, 2025,

8    Plaintiff served a supplemental response asserting the same objections and confirming she would

9    not produce responsive documents because the request was "harassing and completely overbroad

10   without limitation as to scope."  (Doc. 65-7).

11        Plaintiff's overbreadth objection to Defendants' seemingly unbounded request for all of

12   her social media content is meritorious.  However, "the relevance of a posting reflecting

13   engagement in a physical activity that would not be feasible given the plaintiff's claimed physical

14   injury is obvious."  *Giacchetto v. Patchogue-Medford Union Free School Dist.*, 293 F.R.D. 112,

15   116 (E.D.N.Y. 2013).  Accordingly, the Court will direct Plaintiff to produce to Defendants her

16   social media content that depicts or mentions Plaintiff's engagement in physical activities that a

17   reasonable juror could perceive as being inconsistent with her allegations of "extreme back pain

18   which limits her mobility, pain with prolonged sitting related to driving long distances, and

19   difficulty getting up in the morning."  For instance, Plaintiff's social media content either

20   depicting or mentioning her engagement in out-of-state travel or physical activities that require

21   the employment of back strength, such as skydiving or performing handstands, are relevant and

22   must be produced in response to RPD No. 27.  Further, the Court will order Plaintiff to serve

23   upon Defendants a supplemental response to RPD No. 27 in which Plaintiff attests whether any

24   documents responsive to the narrowed document universe set forth above are withheld and the

25   grounds for the withholding.  *See* Fed. R. Civ. P. 26(b)(5).

26        Defendants argue they are entitled to a more expansive scope of Plaintiff's social media

27   postings beyond merely content relevant to her alleged pain and disability.  Specifically,

28   Defendants contend that Plaintiff's reference in her complaint to being disciplined or criticized by

7

1   Defendants for her social media posts relating to race issues and discrimination (among other

2   topics) brings these types of postings within the standard of relevance under Rule 26.  (Doc. 64-1

3   at 14).  The Court disagrees.  First, even assuming such posts possibly could be used by Plaintiff

4   to support her claims such that (independent of Defendants' Rule 34 requests) the posts would be

5   discoverable under Rule 26(a)(1)(A)(ii), the Court finds that compelling production of the posts

6   would not be proportional to the needs of the case, given that Defendants (1) saw the posts that

7   subjected Plaintiff to alleged discipline or criticism (likely reflecting the public nature of the

8   posts), (2) concede in their motion papers that the posts were public (Doc. 64-1 at 14), (3)

9   reportedly have copies of those posts (*see* Doc. 66 at 15 (citing Doc. 66-1 ¶ 18)), and (4) would

10  have equal access to obtain the posts through public domain.  *E.g., Doc's Dream, LLC v. Dolore*

11  *Press, Inc*., No. CV 15-2857-R (PLAx), 2018 WL 11311295, at *5 (C.D. Cal. Feb. 5, 2018)

12  (declining to require production of website images that were publicly available as "not

13  proportional to the needs of the case").  Second, in merely asserting without citation to authority

14  or further developing any supporting argument that the postings are relevant (Doc. 64-1 at 14),

15  Defendants have failed to carry their burden of demonstrating that Plaintiff's nonproduction was

16  unjustified.  *See Harris*, 2020 WL 4251069, at *1.

17  **C.  RPD No. 32**

18  **All DOCUMENTS, including any photographs or social media posts, travel receipts or**

19  **confirmations relating to any travel planned or taken during the period of January 1, 2014**

20  **to the present.**

21  Defendants represent that they agreed in meet/confer efforts with Plaintiff to narrow the

22  time period of documents requested through RPD No. 32 to the same period as set forth in RPD

23  No. 27 (January 1, 2018, to present).  Defendants assert that the requested documents are relevant

24  because Plaintiffs engagement in travel tends to undermine her reliance on a purported disabling

25  condition in support of her request that Defendant relocate her from a more distant office

26  (Delano) to a closer worksite.  (Doc. 64 at 17-18).

27  On March 3, 2025, Plaintiff served Defendants with her response to RPD No. 32 that

28  included no documents and the following objections: vagueness; overbreadth; unduly

1    burdensome; privacy; attorney client work product privilege. (Doc. 65-2).  On April 8, 2025,

2    Plaintiff served a supplemental response asserting the same objections and confirming she would

3    not produce responsive documents because the request was "harassing and completely overbroad

4    without limitation as to scope."  (Doc. 65-7).

5         Plaintiff's overbreadth objection to Defendants' seemingly unbounded request for all

6    documents relating to Plaintiff's planned and unplanned travel is meritorious.  However, for the

7    same reasons set forth above in connection with addressing RPD No. 27, the Court finds that

8    Plaintiff's engagement in out-of-state travel is relevant as it may tend to undermine her claims to

9    experiencing debilitating pain during prolonged sitting related to driving long distances.

10   Accordingly, the Court will direct Plaintiff to produce documents sufficient to identify her

11   undertaking of out-of-state travel during the narrowed time period (January 1, 2018, through

12   present) in response to RPD No. 32.  Further, the Court will order Plaintiff to serve upon

13   Defendants a supplemental response to RPD No. 32 in which Plaintiff attests whether any

14   documents responsive to the narrowed document universe set forth above are withheld and the

15   grounds for the withholding.  *See* Fed. R. Civ. P. 26(b)(5).

16                         *       *       *       *       *

17        While acknowledging that nonexpert discovery is now closed and Defendants will not

18   have an opportunity to examine knowledgeable witnesses at deposition about the documents

19   ordered to be produced herein, the Court does not find good cause to grant any further extensions

20   of discovery deadlines *nunc pro tunc* for the reasons the Court previously set forth in addressing

21   Defendants' failure to diligently undertake discovery during the expanded time provided.  *See*

22   *generally* (Doc. 43).

23   **Conclusion and Order**

24        For the reasons set forth above, it is HEREBY ORDERED:

25        1.  Defendants' motion to compel pursuant to Fed. R. Civ. P. 37 (Doc. 64) is GRANTED

26   IN PART;

27        2.  Within 14 days of entry of this Order, Plaintiff SHALL PRODUCE to Defendants:

28             a.  Documents within Plaintiff's possession, custody, and control responsive to the

narrowed scope of RPD Nos. 16, 27, and 32, as defined above; and

      b.  Supplemental responses to RPD Nos. 16, 27, and 32 in which Plaintiff attests whether any documents responsive to the narrowed scope of those RPDs, as defined above, are withheld and the grounds for the withholding.

IT IS SO ORDERED.

Dated:  **June 11, 2025**

_____
UNITED STATES MAGISTRATE JUDGE

10