UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHI DAYAL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendants. | No. 1:24-cv-00039 JLT EPG<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF DISCOVERY ORDER<br><br>(Doc. 44) |

       Nishi Dayal, an attorney formerly employed by the Kern County District Attorney's Office, brings state and federal employment and disability discrimination and retaliation claims against that Office, the County of Kern, and various County employees. (Doc. 1.) On March 26, 2025, the parties submitted a joint discovery dispute letter to the assigned magistrate judge addressing Defendants' request to: (1) further depose the Plaintiff beyond the default seven hours and outside the discovery cutoff; and (2) allow the deposition of a third-party witness after the discovery cutoff due to the witness' evasion of service of a Defense subpoena. (Doc. 41.) The parties agreed to have the magistrate judge decide the dispute while retaining the right to seek reconsideration under Federal Rule of Civil Procedure 72(a). (*See* Doc. 44 at 4.)

       On March 28, 2025, the assigned magistrate judge issued an order denying the request to re-open Plaintiff's deposition and permitting the limited deposition of the third party. (Doc. 43 ("Discovery Order").) Defendants timely moved for reconsideration of both rulings. (Doc. 44.)

1

Plaintiff responded. (Doc. 45.)[1]

When a party seeks reconsideration of a magistrate judge's pretrial ruling, a district judge must apply the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019); *Grimes v. City of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991); L.R. 303(f). The "clearly erroneous" standard applies to the magistrate judge's factual findings and is "significantly deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be left with the definite and firm conviction that the magistrate judge has made a mistake before the district judge may reconsider the magistrate judge's order. *Avalos*, 798 F. Supp. 2d at 1160. "Legal conclusions are reviewable de novo to determine whether they are contrary to law." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (internal quotation and citation omitted).

Though the motion for reconsideration mentions the relevant standard (Doc. 44 at 11), it does not argue why the magistrate ran afoul of it. Instead, the Defense reiterates previously articulated arguments in a second attempt to demonstrate good cause for the expanded discovery. Because the Court can identify no obviously erroneous rulings in the magistrate judge's Discovery Order, the motion for reconsideration (Doc. 44) is **DENIED**. **All parties are reminded that their obligations under Federal Rule of Civil Procedure 26 are ongoing and that the Court will not permit either side to use at trial any evidence that should have been produced during discovery, but which was not produced**.

IT IS SO ORDERED.

Dated:   **June 26, 2025**

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that new counsel has since substituted in for the Defense. (Docs 56, 58.)

2