UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHI DAYAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00039-JLT-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER<br><br>(Doc. 69) |

On July 2, 2025, the parties filed a proposed stipulated protective order. (Doc. 69). As discussed in more detail below, the undersigned is authorized to enter protective orders (Local Rule 302(1)) provided they comply with Local Rule 141.1. The Court has reviewed the proposed stipulated protective order and concludes it does not comply with Local Rule 141.1. For the reasons set forth below, the Court will deny without prejudice the parties' request to enter the proposed, stipulated protective order.

**The Stipulated Protective Order Fails to Comply with Local Rule 141.1(c)**

The proposed stipulated protective order does not comply with Local Rule 141.1. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1)　A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the

nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of <u>particularized need</u> for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c) (emphasis added).

Here, the proposed protective order does not set forth an adequate description of the types of information eligible for protection. In particular, the protective order's mere reference to "Confidential Information" (Doc. 69 at 2) is not "sufficient to reveal the nature of the information" sought to be protected. Nor does the protective order offer any explanation as to what particularized need for protection is required, nor does the protective order set forth why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Given that discovery has long since closed, the Court infers the parties seek a protective order at this late stage in connection with the Court's recent, partial grant of Defendants' motion to compel (*see* Doc. 68). To dispel any misapprehension, the Court will require the parties to comply with Local Rule 141.1(c) by describing within the protective order the general nature of the material sought to be protected.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the proposed stipulated protective order (Doc. 69) is DENIED without prejudice. The parties may re-file a revised, stipulated protective order that complies with Local Rule 141.1(c) and remedies the deficiencies set forth in this order.

IT IS SO ORDERED.

Dated: __July 2, 2025__                         _____
                                                                    UNITED STATES MAGISTRATE JUDGE